Before EDMONDS, P. Justice, and MITCHELL, and KING, JJ.

### BAIRD v. WALKER AND HURLBUT.

Where two persons, one being a resident and the other not a resident of this state, are jointly indebted on contract, the creditor may issue an attachment against the property of the non-resident debtor.

Where goods are left with factors for sale on commission, and the factors sell the same, the owner has no cause of action for the price or value of the goods until a demand and refusal to pay same, and the time of limitation does not commence to run until such demand has been made.

MOTION for a new trial.

*Edmonds, P. J.:* The first prominent objection made to the recovery in this case is founded on the fact that the debt was a joint one of Walker and Hurlbut, while the attachment was issued only against Walker. I cannot feel the force of the objection, for it is evident that Walker, although he was jointly indebted, came within the statute, inasmuch as he was a person not being a resident of this state, indebted on a contract made within this state (2 R. S. 3, § 2), and he could be proceeded against under the statute.

The next objection is, that a proper demand was not made by the plaintiff on his agents, Walker & Co. The demand was upon Hurlbut, one of the debtors, for the articles or a settlement, and neither were accorded by him at the time. That was enough, and authorized a suit.

The remaining question is, whether the claim was barred by the statute of limitations.

The goods were left for sale in September, 1838, and the attachment was not sued out until December, 1847, more than nine years after.

Baird v. Walker and Hurlbut.

Where goods are thus left with factors for sale on commission, the owner has no cause of action for the price or value of the goods until·a demand by him.

In this case no demand was made until July, 1847, and until that date there was no cause of action. (*Lillie*. v. *Hoyt*, 5 Hill, 395; *Hays* v. *Stone*, 7 Hill, 130).

The statute of limitations did not then apply, and there was enough in the evidence to warrant the judge in submitting the case to the jury, as he did on the question whether the property had not actually been sold, and the money therefor received by the defendants.

Motion for a new trial denied with costs.

[The principle of this case was affirmed at General Term, 12 Barb. 298.]