GEISLER and WEIGAND *against* ACOSTA.

In summary proceedings to remove tenants from demised premises, on account of their holding over without permission of their landlord after demand and non-payment of rent due, an affidavit of the tenants, stating that the landlord had previously, by a similar proceeding, impleaded the tenants before a magistrate on account of the non-payment of the same rent, and that the parties appeared, and after their proofs and allegations were heard the magistrate gave judgment in favor of the tenants, is not sufficient to bar the landlord's claim, as it does not show what issue, or whether any, was joined, or upon what ground the judgment proceeded.

Whether a defence in such proceedings can be interposed by plea, *Quere?*

Where two tenants are jointly charged in the affidavit of the landlord with holding over after demand and non-payment of rent, the affidavit of one of them, stating that the rent had not been demanded *of him*, is not sufficient to make an issue requiring the summoning of a jury.

A demand of the rent of one tenant, where two hold jointly, is sufficient to authorize the proceedings.

An error committed by the supreme court in discharging on *certiorari* two out of four tenants proceeded against, is not available on writ of error to this court brought by those against whom judgment was rightfully pronounced in that court.

WRIT of error to the supreme court in the first district, to review a judgment rendered on *certiorari* to an alderman of the city of New-York, to remove an order of the alderman made upon a proceeding to remove a tenant under the provisions of the Revised Statutes relating to summary proceedings to recover the possession of land.

On the 7th day of February, 1849, Acosta presented to William Adams, an alderman of the fifth ward, an affidavit setting forth that Geisler and Weigand, as tenants, were justly indebted to him as landlord in $166.66, due 1st of February, 1849, for the rent of a certain store in New-York; that the rent had been demanded of said Geisler and Weigand, who had made default in the payment thereof pursuant to the agreement under which the premises were held, and that they by one Arnold and one Beman, their under-tenants, held over and continued in possession of the same without permission of the landlord, after default as aforesaid, and that satisfaction of the rent could not be obtained by distress of any goods. The four parties thus complained of were summoned and appeared; and they jointly put in a paper in the form of a plea, sworn to by Arnold, in which it was stated that on the 6th day of February, 1849, Acosta impleaded the four persons complained of, under the statute referred to, before E. Fitzgerald, an alderman of the fourth ward; and that Acosta alleged before said alderman that the sum of $166.66 was on the 1st of February, 1849, due to him as landlord for rent of the same premises; and that the rent and premises mentioned in that proceeding were the same rent and premises claimed in the present proceeding; that the parties appeared in person, "and after the proofs and allegations of the parties were then and there heard by the said alderman touching and concerning the same identical rent and premises now in controversy in this proceeding, and the whole of the said case had been fully heard and tried before the said alderman, the said alderman then and there decided

and gave judgment in favor of the said Geisler, Weigand, Arnold and Beman." The landlord objected to this paper, and the alderman decided that it could not be received as forming an issue. Arnold then made an affidavit denying that he held under Geisler and Weigand; and Geisler made an affidavit that Acosta held, as collateral security for the rent, certain property of Geisler and Weigand, which the former might have sold and thus obtained payment of the rent; and added, "and this deponent further saith, that no demand has been made *of him* of the rent, as alleged in said summons." The magistrate decided that neither of the affidavits contained a denial of the facts stated in the affidavit on which the summons was issued; and he thereupon issued a warrant of removal against all the parties summoned, directing that the landlord should be put in possession. The four parties proceeded against thereupon brought a *certiorari* to the supreme court; and that court reversed the proceedings as to Arnold and Beman, on the ground that Arnold's affidavit denying the tenancy was sufficient, and affirmed the proceedings as to Geisler and Weigand, who sued out this writ of error. The cause was submitted upon printed points.

*J. M. Martin* for the plaintiffs in error.

I. The respective aldermen of the fourth and fifth wards had concurrent jurisdiction of this case by statute. (2 *R. S.*, 512, 513, § 28, 1*st ed.*)

II. The plea offered by the tenants to the alderman of the fifth ward, alleging "that the whole of the said case had been fully heard and tried before the alderman" of the fourth ward, and that he had "decided and given judgment" in favor of the tenants, should have been received and answered; and being unanswered, was an absolute bar to all further proceedings by the landlord. (*Bouchaud* v. *Dias*, *Denio*, 238; *Gardner* v. *Buckbee*, 3 *Cow.*, 120; *Burt* v.

*Sternburg*, 4 *Cow.*, 559; *Gelston* v. *Hoyt*, 1 *John. Ch. R.*, 543; *Hess* v. *Beekman*, 11 *John.*, 457; *Adams* v. *Pearson*, 7 *Pick.*, 341.)

III. The opinion of the supreme court, that the tenants' plea does not show that alderman Fitzgerald had jurisdiction of the matter upon which he decided, nor that the cause was decided on its merits, is erroneous. (*Fowler* v. *Hait*, 10 *John.*, 111; 2 *R. S.*, 514, §§ 24, 28.)

IV. Two material statements in Acosta's affidavit are contradicted; one alleging that Arnold and Beman were in possession of the premises as under-tenants of Geisler and Weigand, and the other alleging non-payment of the rent; and the magistrate erred in refusing the tenants a trial of these controverted matters. (*Hill* v. *Stocking*, 6 *Hill*, 314.)

V. The judgment of the alderman of the fifth ward is entered against all the tenants, and the supreme court erred in affirming the judgment as to two of them, and reversing it as to the others. It is an old and well established rule, that where an action is against several, and one judgment is given against all, and the judgment is held erroneous as to one on error, it must be reversed as to all. (*Grah. Pr.*, 960, 2d ed., citing *Rol. Abr.*, 776; *Cro. Jac.*, 289; *Aleyn*, 74, 75.) This doctrine was declared by the late supreme court to be perfectly well settled; and was applied to the case of a judgment of an assistant justice brought into the superior court of the city of New-York by *certiorari*; although the act which authorized the court to review the judgment expressly declares that the superior court "may affirm or reverse the judgment in whole or in part, as the very right of the matter may appear, without regarding defects in the proceedings below which did not affect the merits." (*See Sheldon* v. *Quinlen*, 5 *Hill*, 441, *and cases cited, note* "*A.*") The same doctrine was reaffirmed by the same court in *Harman* v. *Brotherson* (1 *Denio*, 537), and by the present supreme court in the case of *Moulton* v. *Norton* (5 *Barb.*, 286–296).

VI. The proceedings are special statutory proceedings, and are not affected by the Code of Procedure. ( *See* § 471, *Code of* 1851.)

*E. Terry* for the defendant in error.

I. No objection having been taken to the jurisdiction of the magistrate, there is nothing in the return which this court will review. (2 *R. S.*, 3d ed., 604, § 34 ; *Birdsall* v. *Phillips*, 17 *Wend.*, 464 ; *The People* v. *The Mayor*, *&c.*, *of New-York*, 2 *Hill*, 10.)

II. At most this court will only inquire whether the magistrate decided as justice required. (*Anderson* v. *Prindle*, 23 *Wend.*, 617.)

III. The magistrate before whom the summary proceedings were had, properly rejected the affidavits or pleas offered by the tenants or under-tenants. 1. There could not have been a former trial and judgment in favor of the tenants as alleged, because the only defence which can be made is to controvert the facts, and the facts and matters thus controverted must be tried by a jury. See the section of the act as then in force. (2 *R. S.*, 2d ed., 423, § 34.) 2. Geisler and Weigand were joint tenants, and therefore a demand on Weigand was a demand on both, unless Weigand denies a demand, which he does not. Weigand makes no affidavit. 3. The law points out what the opposing affidavit of the tenants shall contain, and the magistrate has no authority to receive any other affidavit. (§ 34, *supra*.)

DENIO, J. The first paper presented by Geisler and Weigand did not profess to deny any of the facts upon which the summons was issued. It did not therefore raise any issue to try which a jury could be summoned ; and the magistrate was right in his decision to that effect. (2 *R. S.*, 513, § 28 *et seq*.) As a plea of a former trial and determination of the same matter, supposing that such a defence

could be interposed, the paper was defective. It did not show that any facts were controverted on the former proceeding, or what the issue there tried or determined was. It did not even show that the landlord's affidavit stated the same facts with the one presented on the last occasion. All that is stated is that it related to the same premises and the same rent. For aught that appears it may have omitted to allege that a demand of the rent had been made; and the landlord may have been defeated for want of such an averment, or the landlord may have stated a demand and failed to prove it; and the demand upon which the second proceeding was instituted may have been made after the first proceeding was ended. That paper therefore contained nothing to authorize the magistrate to arrest the proceeding.

The remaining question is whether a demand of the rent of one of two lessees was sufficient to authorize the proceeding. Geisler swore that no demand of the rent had ever been made of *him*, and the question is whether this raised a material issue which made it the duty of the magistrate to summon a jury, Weigand having made no affidavit, and Geisler not denying but that a demand had been made of Weigand. The statute authorizes the proceeding where a tenant holds over without permission after a default in the payment of rent, and where "a demand of such rent shall have been made." (§ 28, *sub.* 2.) We are to intend that there was a joint demise to both, for Acosta's affidavit is that they were both indebted for the rent, and this is not denied by the affidavit of Geisler. He swears that both had given the collateral security, which confirms the idea that the rent was due upon a demise to the two. Each of the lessees was therefore a debtor for the whole amount of the rent, and we are of opinion that a demand of one of them was sufficient to authorize the issuing of the summons. In *Crowder* v. *Shee* (1 *Camp.*, 437), it was held that where several were liable to an attorney for business done, but the statute required a bill of costs to be delivered before suit

Geisler and Weigand *against* Acosta.

brought, a delivery to one was sufficient as to all. A demand of payment of a promissory note of one of several makers who are partners is sufficient to charge the endorser. (*Story on Prom. Notes*, § 239.) Although there is no proof that the defendants were partners, they as joint lessees of the store had each an immediate concern in protecting their possession by the payment of the rent. Where several are jointly bound to do an act upon notice to them, notice to one is sufficient. (*Com. Dig., tit. Condition*, *L*, 9.)

. There was no error of which the present plaintiffs in error can take advantage in the reversal of the order by the court below, as to Arnold and Beman, nor in the magistrate refusing to summon a jury as to them. Geisler and Weigand did not deny that they were in possession of the premises, but impliedly admitted it. The judgment of the supreme court should be affirmed.

WILLARD, J. If a plea of a former proceeding under the statute (2 *R. S.*, 512) be admissible as a bar to a subsequent proceeding for the same cause, it must state such facts as will show that the point now in controversy was then litigated and decided. It appears by the affidavit on which the former proceeding was based, and which was set out in the plea, that no demand of the rent had been first made by the landlord, nor three days' notice in writing given, requiring the payment thereof or the possession of the premises. This alone was such a defect of the landlord's title to maintain the proceedings, that the alderman was bound to give judgment for the defendants, dismissing the matter as prematurely instituted. The plea is therefore defective in not showing that the case was decided upon the merits, and was for that reason properly overruled by the alderman. I am also of opinion that the statute does not contemplate pleading in these summary proceedings.

The supreme court reversed the judgment of the alderman as to Arnold and Beman on the ground that the affidavit of

Arnold controverted the fact of being in possession under Geisler and Weigand, the lessees. It will be seen on a critical examination of the affidavit that it does not controvert even that fact. The affidavit of the landlord was made on the 7th of February, and affirms that Arnold and Beman, the under-tenants of Geisler and Weigand, hold over, &c. The affidavit of Arnold, made the day following, does not deny that he and Beman were, on the 7th of February, the under-tenants of Geisler and Weigand, but merely denies that they were so on the 8th of February, when his affidavit was made. They may well have been under-tenants of Geisler and Weigand on the 7th, and attorned to a stranger or surrendered their possession on the 8th. Their affidavit does not make an issue with that of the landlord, and the supreme court should not have reversed the judgment as to them. But as the landlord has not brought a writ of error to reverse that judgment, we cannot disturb it in the present action.

The main ground relied on in this court to reverse the judgment of the supreme court against Geisler and Weigand is, that the judgment of the alderman against Arnold and Beman being wrong, the judgment against all the defendants should be reversed. Now, if it appears that the judgment in question was not erroneous, the fact that it was reversed by the supreme court affords no reason for this court to reverse the judgment against Geisler and Weigand, which was clearly right. If this be not so, it must be upon the principle that the commission of one error by the court below, justifies this court in committing another.

In an action upon a joint contract against several it is well settled that a judgment cannot be reversed as to one, and affirmed as to others, even though there be some matter of discharge as to one (*Richard* v. *Walton*, 12 *John.*, 434; *Duncan* v. *Sandford*, 14 *John.*, 417; *Cruikshank* v. *Gardner*, 2 *Hill*, 333); and the same rule applies whether the judgment be in tort or on contract. (*Sheldon* v. *Quinlen*, 5 *Hill*, 441; *Harman* v. *Brotherson*, 1 *Denio*, 537.) But in all the above

cases there was error as to one party which led to a reversal as to all. In the present case, although the court below reversed the judgment as to two of the defendants, they did so erroneously, and we are called upon to adopt that error as good law, and therefore reverse the judgment as to the other defendants against whom it was right. This we are not required to do.

Both courts were right in holding that Geisler's affidavit did not put in issue the demand of the rent by the landlord, before commencing the proceedings. The landlord swears that it had been demanded of Geisler and Weigand. Geisler merely swears that it had not been demanded of him. A demand of it from either Geisler or Weigand was a good demand, and satisfied the averment that it had been demanded of Geisler and Weigand. The traverse of the defendant was not broad enough to cover the charge.

On the whole I think the judgment of the supreme court should be affirmed.

All the judges concurring,

Judgment affirmed.