JOHN B. SCHOLEY, Executor, etc., Respondents, *v.* WILLIAM L. HALSEY, Executor, etc., Appellant.

Where money has been paid upon an erroneous judgment or decree of a surrogate, which, after the payment has been reversed, the party paying may after demand and refusal maintain an action to recover it back. It is not necessary to the right of action that payment should have been coerced by execution.

The original defendants herein having in their hands certain bonds belonging to the estate of a deceased person, of whom plaintiff was surviving executor, which came into defendant's possession as executor of a deceased executor, they refused to surrender the bonds until a sum claimed by them to be due the estate of their testator for commissions was paid; this claim plaintiff disputed. It was submitted to the surrogate who decreed that defendants were entitled to the commissions. Plaintiff thereupon paid the claim. The surrogate's decree was subsequently reversed. This action was thereupon brought against defendants as individuals, not in their representative capacity, to recover back the sum paid; the answer alleged that plaintiff "called upon the defendants and paid them" the money in question. *Held*, that the pleadings concluded defendants from raising the question on appeal that they did not receive the money as individuals, and so that an action could not be maintained against them personally; also that as executors of the deceased executor they had no right to take any charge or control of the bonds.

Also, *held*, that as defendants were to be regarded as joint debtors, a demand made of one was sufficient to sustain the action against both.

Also, *held*, that the action was properly revived against the executor of the survivor of the original defendants.

(Argued February 12, 1878; decided February 19, 1878.)

. APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department in favor of plaintiff, entered upon an order overruling exceptions and directing judgment upon a verdict.

This action was brought originally against George Hart Mumford and Anne E. Mumford to recover a sum of money upon grounds stated in the complaint substantially as follows: On the 10th of September, Elizabeth G. Scholey died, leaving a will, under which the plaintiff, one Worcester, and George H. Mumford were appointed her executors. Worcester was removed, and Mumford died September 30, 1871, leaving a will, of which the said George Hart Mumford and Anne E. Mumford were the executors. At the time of his death he had in his possession as executor of Mrs. Scholey certain United States bonds, and these came into the hands of his executors as such; the plaintiff demanded the bonds and afterwards (November 8th, 1871,) obtained an order from the surrogate of Monroe county requiring one of them (George Hart Mumford) " forthwith to deliver the bonds to the plaintiff." Defendants refused to do so, alleging that commissions were due to the estate of George H. Mumford, and that those should be first paid. This claim was disputed by the plaintiff, and thereupon the surrogate having jurisdiction of the matter of said accounts decided in favor of the claim, and adjudged that they were as such executors entitled to the money claimed in this action, as upon payment over by George H. Mumford of said bonds in his life-time. That the plaintiff thereupon paid the money and received the bonds. The surrogate afterwards reversed his decision as erroneous " in matter of law." The complaint then alleges " that before the commencement of this action a demand was made upon the said defendants in his behalf for said sum of $474.77, which was refused." A judgment was asked against them for the amount.

The answer denies that the defendants refused to give up the bonds, but on " the contrary agreed and offered to deliver them up " upon the payment of such sums as should,

upon accounting before the surrogate, be found due to the estate of the deceased executor, George H. Mumford ; that the claim for commissions was submitted to the surrogate, who determined the amount due for commissions, "and thereupon plaintiff called upon defendants" and paid them "the amount so determined, and the defendants thereupon delivered up said bonds." The case has been to this court twice before the present appeal. (See 60 N. Y., 498 ; 64 id., 521.) Between the second trial and the decision in this court, George Hart Mumford died, and the action was continued against Anne E. Mumford, as survivor. She subsequently died, and the action was revived and continued against her executor, the present defendant. Upon trial it appeared that the demand for a return of the sum paid was made of George Hart Mumford ; the facts were proved substantially as alleged in complaint. Defendant's counsel moved to dismiss the complaint, on the ground that plaintiff could not maintain the action against the present defendant, which motion was denied, and said counsel duly excepted. Said counsel moved for a nonsuit upon the ground, among others, that no demand for repayment of the money was made of Mrs. Mumford. The motion was denied, and said counsel duly excepted. The court directed a verdict for plaintiff.

*Geo. F. Danforth,* for appellant. This action could only be maintained after demand for repayment or return of the money. (*Sears* v. *Patrick,* 23 Wend., 528; *Cooley* v. *Bettis,* 24 id., 203; *Walrath* v. *Thompson,* 6 Hill, 540; *Stevens* v. *Hyde,* 32 Barb., 181; *Schofield* v. *Whitlock,* 49 N. Y., 259; *Freeman* v. *Jeffries,* L. R., 4 Ex., 189; *Chouteau* v. *Suydam,* 21 N. Y., 182.) The question whether payment by plaintiff was voluntary or otherwise should have been submitted to the jury. (60 N. Y., 201; *Viner* v. *Steamship Co.,* 50 id., 26; *Justice* v. *Lang,* 52 id., 323; *Ashley* v. *Reynolds,* 2 Stra., 915; *Knibbs* v. *Hall,* 1 Esp., 84; *Harmony* v. *Bingham,* 12 N. Y., 110; 1 Duer, 323; 2 Sand. [S. C.], 475; *Miller* v. *Miller,* 68 Penn. St., 486.)

*W. F. Cogswell*, for respondent.    The money having been paid under an erroneous decision of the surrogate can be be recovered back.    (*Clark* v. *Pinney*, 6 Cow., 299; *Maghee* v. *Kellogg*, 24 Wend., 32; *Sturgess* v. *Allis*, 10 id., 354; *Garr* v. *Martin*, 20 N. Y., 306; 1 Stephens' N. P., 326, 357; *Garratt* v. *Hooper*, 1 Dowl. P. C., 28; *Lott* v. *Swezey*, 29 Barb., 87; 1 Greenl. Ev., § 511; *Belden* v. *Meeker*, 2 Lans., 473; *Barber* v. *Winslow*, 12 Wend., 102.)    The commissions having been paid under duress, the principle of voluntary payments has no application to them.    (*Harmony* v. *Bingham*, 12 N. Y., 108; *Briggs* v. *Boyd*, 56 id., 289; 1 Hil. on Torts, 46; 1 Steph. N. P., 358; *Morgan* v. *Palmer*, 2 B. & C., 729; *Clinton* v. *Strong*, 9 J. R., 201, 370; *Bates* v. *N. Y. Ins. Co.*, 3 J. Cas., 238; *Townsend* v. *Dyckman*, 2 E. D. S., 224; *Moulton* v. *Bennett*, 18 Wend., 586; *Britton* v. *Frink*, 3 How. Pr., 102.)    The case was properly revived against the executor of the survivor of the original defendants.    (*Un. Bk.* v. *Mott*, 27 N. Y., 633; *McVean* v. *Scott*, 46 Barb., 384; *Fine* v. *Righter*, 3 Abb. [N. S.], 385.)

ANDREWS, J.    If it was necessary in this case to decide the question whether the original defendants, having received the money claimed in this action under and by virtue of the decision of the surrogate, made in a matter within his jurisdiction could be considered as having obtained it by duress, the question would deserve serious consideration before deciding it for the plaintiff.    The plaintiff paid the money and the defendants received it, after the surrogate had decided upon a hearing of all the parties that the defendants were entitled to it.

Both parties, after the decision, maintained their original position; the plaintiff claiming that the decision of the surrogate was erroneous, and that the defendants were not entitled to the commissions; and the defendants insisting that they were entitled to them, and that the surrogate's decision was correct.    The plaintiff while this decision was in full force paid the commissions.    The defendants were justified in receiv-

ing them, by the decision of the surrogate. Can it be said, under such circumstances, that they received them wrongfully, or that they obtained them by duress although the plain-tiff paid them to obtain possession of the bonds? But we pass this point without further observation, as we think the case is with the plaintiff on the ground now to be stated.

The original decision of the surrogate was doubtless erroneous, and having been subsequently reversed and set aside, the plaintiff was then entitled to recover the money paid under the erroneous order. In *Clark* v. *Pinney* (6 Cow., 299), the court says: "That this action (*indebitatus assumpsit*) lies in all cases where the defendant has in his hands money which, *ex equo et bono*, belongs to the plaintiff. When money is collected upon an erroneous judgment, which subsequent to the payment of the money is reversed, the legal conclusion is irresistible that the money belongs to the person from whom it was collected; of course he is entitled to to have it returned to him." The same principle is recognized in subsequent cases. (*Maghee* v. *Kellogg*, 24 Wend., 32; *Garr* v. *Martin*, 20 N. Y., 306.)

And it is not necessary in order to maintain the action that the payment should have been coerced by execution. It is sufficient if it was paid after judgment or adjudication made. (1 Sta. N. P., 326, 357; *Lott* v. *Swezey*, 29 Barb., 87.) The original defendants were bound, therefore, to restore to the plaintiff the money received under the erroneous decision of the surrogate. But a demand before bringing suit was necessary in order to enable the plaintiff to recover upon this view of the case. If the original defendants are to be regarded as joint-debtors, and jointly responsible to the plaintiff, the demand made of George Hart Mumford would seem to have been sufficient to sustain the action against both. (*Geisler* v. *Acosta*, 9 N. Y., 227; *Blood* v. *Goodrich*, 9 Wend., 68; *Baird* v. *Walker*, 12 Barb., 298; Com. Dig., tit. Condition L., 9.)

The action was brought against the original defendants as individuals, and not in their representative capacity as execu-

tors of George H. Mumford; and the complaint alleges that the money sought to be recovered was paid to the defendants, and a personal judgment was demanded against them. The defendants, in their answer, allege that the plaintiff "called upon the defendants and paid them" the money in question. We think the pleadings conclude the defendants from now raising the question that the defendants did not receive the money as individuals, and that the action could not be main tained against them personally to recover it. They had no right to take any charge or control of the bonds, as executors of George H. Mumford. (2 R. S., 449, § 11.)

The suit was properly revived against the executor of the survivor of the original defendants. (*Union Bank* v. *Mott*, 27 N. Y., 633.)

The judgment should be affirmed.

All concur.

Judgment affirmed.