CHARLES NORTHROP, Respondent, v. ALFRED H. SMITH, Impleaded, etc., Appellant.

*Court of Appeals, January 31, 1890.*

Reversing 8 N. Y. St. Rep. 161.

1. *Appeal. Request to charge.*—A refusal to charge a request which, if proved, would form an absolute defense to the cause of action, where there is some evidence to support the proposition, is error.

2. *Same. Question of fact.*—In a case which of right is triable by jury, the court cannot take from that tribunal the ultimate decision of the fact, unless the fact is either uncontradicted or the contradiction is illusory, or where the answering evidence is a "scintilla" only.

3. *Statute of limitations. Demand.*—Where a demand is essential to the starting of the statute of limitations to run, such demand of one partner, while the firm is in existence, is equivalent to a demand upon all the members.

Appeal from a judgment of the general term of the superior court of the city of New York, affirming a judgment entered upon a verdict, and an order denying a motion for a new trial.

*Charles M. Earle*, for appellant.

*James D. Fessenden*, for respondent.

VANN, J.—According to the testimony of the plaintiff, the firm of Smith, Clark & Co. applied to him for a loan and, not having the money, he lent them the bonds in question and took back a receipt, of which the following is a copy, viz.:

" Received, New York, December 31, 1868, from Mr. Charles Northrop $10,000 in two 5–20 registered bonds issued May 6, 1867, No. 2036 and No. 2037.

" No. 2036, $5,000.

" No. 2037, $5,000. To be returned on demand. Ten thousand dollars ($10,000).

" SMITH, CLARK & Co." ·

Each bond bore the following endorsement : " $5,000. For value received I assign unto  *  *  *  the within certificate of the United States issued by the treasury department, and hereby authorize the register of the treasury to transfer said stock on the books of the department. Dated December 31, 1868. Charles Northrop." " Executed in the presence of C. H. Patterson, deputy assistant treasurer United States." The name of " Antonio C. Martin " was subsequently inserted as the assignee of one of the bonds and " Antonio C. Martin and Vermilye & Co." as the assignees of the other.

The plaintiff testified that he made no demand of the defendants with reference to the bonds for more than seventeen years after thus lending them, or not until June, 1886, although he knew that in the meantime the firm of Smith, Clark.& Co. had failed and that the bonds had been paid by the government. He stated, however, that he drew the interest upon the bonds until 1871 or 1872 ; that for a long time he did not need the money and that he supposed the matter had outlawed until he heard that the courts. had decided otherwise. Evidence was also given by the plaintiff tending to show that he was a friend of Mr. Clark, and through him lent the bonds to the firm ; that the business was done in the office of the firm, where Clark received the bonds and gave the receipt, the other defendants being present ; that the bonds were used by the firm to secure loans at a bank, the proceeds of which were credited.to them as cash and entered as such on their bank pass book.

The evidence in behalf of the defendant tended to show that the bonds were loaned to Mr. Clark personally; that the other members of the firm knew nothing about the transaction; that the firm neither borrowed nor used them and derived no benefit therefrom; that its business was the manufacture and sale of brushes, and that the plaintiff knew of this fact when he delivered the bonds to Clark.

The court charged the jury in substance that if the bonds were taken and used by Smith, Clark & Co. for their own benefit, the plaintiff was entitled to recover the sum of $10,-400, but that if they were taken by Clark for his own use and benefit by an arrangement made between himself and the plaintiff, they were not liable.

The counsel for the defendant requested the court to charge that, " if the jury believe that the plaintiff demanded the bonds of Clark more than six years before the beginning of this action, plaintiff cannot recover," but the learned trial judge refused to so charge and the defendant duly excepted. As no instruction, involving the substance or equivalent of this request, was given to the jury, it is obvious that if there was any evidence from which, within the rule applicable to the subject, the jury could have found the fact embraced by the request, it was error to decline to charge as requested, because the fact, if found, made the statute of limitations, which was duly pleaded, an absolute defense to the cause of action.   Code Civ. Pro., §§ 382, 410, 414.

Upon the trial Finley Smith was called as a witness by the defendants, and testified that early in 1869, while he was clerk in the office of Smith, Clark & Co., the defendant Clark handed him a letter from the plaintiff addressed to " William W. Clark," marked private and delivered by a messenger, making " a demand for the return of those bonds which he had."   Mr. Clark replied : " That is no affair of the concern ; that is a private matter of my own."   On his cross-examination this witness stated that in 1869, before the 1st of April, a note, dated on the day of delivery, was

handed to Mr. Clark by a messenger in the office of the firm ; that Clark handed him the letter, and he read it, and that it demanded some bonds.   He also testified that during 1868, five bonds of $1,000 each were received from the plaintiff and used by the firm, but that this loan had been paid off before said letter was received ; that he knew that those bonds were not the bonds mentioned in the letter because it specified a $5,000 bond; that the " five $1,000 bonds had been paid off in the meantime," and that the firm " held plaintiff's voucher for it."

The plaintiff, testifying upon this subject, denied that he had ever written for the bonds in question, but that before he lent them to the defendants he had lent them $5,000 in other bonds which were duly delivered to him personally when he called at the office and asked for them.

The learned counsel for the plaintiff states in his points that the refusal to charge as requested was a technical, but not a material error, because it did not operate to the disadvantage of the defendants.

Whether the statute of limitations began to run without any demand whatever was the subject of serious discussion by counsel.   However that may be, it is clear that it ran from the time that a demand was made, and that if the bonds were duly demanded in 1869, the period of limitation applicable to this action had expired long before it was commenced.

We think that the evidence presented a question of fact for the jury that was fairly embraced by the request to charge.   As was said by the court in Bagley v. Bowe, 105 N. Y. 171, 179; 6 N. Y. State Rep. 842 : " If there is ground for opposite inferences, and a conclusion either way would not shock the sense of a reasonable man, then the case is for the jury, although the judge may entertain a clear and decided conviction that the truth is on this or that side of the controversy.   The trial court or the general term is authorized to set aside a verdict and direct the issue to be

re-tried before another jury, if in its judgment the verdict is against the weight or preponderance of evidence, but in a case which of right is triable by jury, the court cannot take from that tribunal the ultimate decision of the fact, unless the fact is either uncontradicted or the contradiction is illusory, or where, to use a current word, the answering evidence is a " scintilla only."

The testimony of Finley Smith tended to show that in 1869 the plaintiff demanded certain bonds, through a messenger, whose authority to receive them is to be presumed from the circumstances; that the demand was made by letter addressed to Mr. Clark, to whom the bonds were originally delivered, and that it included at least one bond for $5,000. The bonds demanded were thus identified, so that they could not be confounded with the five bonds for $1,000 each, which were the subject of a different loan, that had been repaid before the date of the demand in question. This evidence, if believed by the jury, permitted the inference that the demand thus made had reference to the bonds involved in this action. While the letter was addressed to Mr. Clark, it does not appear that the written demand was addressed to him, but even if this is assumed to have been the fact, a demand of one partner, while the firm was still in existence, was equivalent to a demand upon all. Hubbard *v.* Matthews, 54 N. Y. 43, 50 ; Baird *v.* Walker, 12 Barb. 298; Ball *v.* Larkin, 3 E. D. Smith, 555 ; Abbott's Trial Ev. 219; Am. & Eng. Encyclopædia of Law. 528, E.

Without passing upon the other questions discussed by counsel, we think that, for the error already pointed out, the judgment should be reversed and a new trial granted with costs to abide event.

All concur.