CAMPBELL, Assignee of GIBBENS, Appellant, v. KAUFFMAN MILLING COMPANY, Respondent.

St. Louis Court of Appeals, November 5, 1907.

1. JUDGMENTS: Effect of Reversal. The unqualified reversal by the Supreme Court of another State of a judgment of a trial court there nullifies such judgment and leaves the case as though no judgment had ever been rendered.

2. ———: Voluntary Payment: Recovery of Amount Paid After Reversal. Where money is voluntarily paid upon a judgment which is afterwards reversed, it may be recovered back by the party paying it by his showing that he is equitably entitled to it; the facts in this case are set out and held to make out a prima-facie case for recovery of such a voluntary payment which might be overthrown by showing that in natural justice and equity the plaintiff was not entitled to it.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

REVERSED AND REMANDED.

*Marion C. Early* for appellant.

(1) The effect of an unqualified setting aside of a judgment, order or decree is to nullify it completely and the party should be restored to the property he has lost by reason thereof. Moore v. Damon, 4 Mo. App. 111; 3 Cyc. 460. (2) The money sued for was *in custodia legis* —not subject to execution—and the assignee was compelled to act in obedience to the orders of the court. He was clothed with no authority to dispose of the trust estate except as directed by the court. The rule therefore ordinarily applicable as between individuals does not apply. All acts of the assignee may be said to be done under constraint of court and there was no exercise of free will. Under the evidence the payment cannot be said to have been voluntary. If not then it is recoverable. Silliman v. U. S., 101 U. S. 465; Olivari v. Menger, 39 Tex. 76; Bank v. North, 114 Wis. 637; Schaellhamer v. Rometsch, 26 Ore. 394; Wittmor v. Hastings, 51 Mo. 171; State v. Musser, 4 Ind. App. 407; Dimmock v. Bixby, 20 Pick. 368. (3) If the payment had been voluntary, still it was incumbent upon respondent to show it was equitably entitled to retain the same in order to defeat appellant's right of recovery. Kostuba v. Miller, 137 Mo. 174; Treadale v. Stoller, 133 Mo. 645.

*R. T. Stillwell* and *W. G. Schofield* for respondent.

(1) As the petition fails to state a cause of action on the theory of payment under duress, declaration of law No. 1 was properly given. Buchanan v. Sahlein, 9 Mo. App. 552; Murdock v. Lewis, 26 Mo. App. 241; Teasdale v. Stoller, 133 Mo. 645; Kostuba v. Miller, 137 Mo. 174; Robin v. Latham, 134 Mo. 466. (2) There being

no legal or competent evidence before the court to show the proceedings of the circuit court of Duval county, Florida, or the reception of money thereunder by the Kaufman Milling Co., declaration of law No. 1 was properly given. Winham v. Kline, 77 Mo. App. 44; R. S. 1899; sec. 3135; Moyer v. Lyon, 38 Mo. App. 638. (a) The payment, if made, was voluntary, not withstanding it was made under protest. Clafflin v. McDonough, 33 Mo. 512; Irving v. St. Louis, 33 Mo. 575. (b) Such payments not being made under "duress" cannot be recovered back. State to use v. Meyers, 9 Mo. App. 44; Richie v. Carter, 89 Mo. App. 294; State ex rel. v. Stonestreet, 92 Mo. App. 214; Dausch v. Crane, 109 Mo. 332. (c) Even an involuntary or compulsory payment cannot be recovered back where it would be inequitable to compel its return.

BLAND, P. J.—From appellant's statement we quote and adopt the following succinct and correct statement of the facts as shown by the abstracts filed:

"This is an action for money had and received. The respondent had been shipping flour to one Gibbens, at Jacksonville, Florida, and in 1893, Gibbens made an assignment for the benefit of his creditors to Alexander B. Campbell. Among the assets delivered to the assignee were certain flour accounts. The respondent claimed it had been shipping flour to Gibbens on consignment and that in selling same he was acting only as a broker. Suit was filed by respondent in the Chancery Court of Duval county, Florida, seeking to compel the assignee to surrender to it the flour accounts and all moneys collected thereon. On January 25, 1895, a decree was entered in favor of complainant and the assignee was ordered to make an accounting of moneys collected and deliver the same to respondent together with all uncollected accounts for flour then in the hands of the assignee.

127 App—19

"On February 16, 1895, the assignee (the appellant herein) filed his report in obedience to said decree and on March 16, 1895, the complainant (the respondent herein) filed its exceptions to the report which motion was heard on May 11, 1895, and the assignee was ordered to 'file without delay' his report in accordance with the terms of the decree entered January 25, 1895. On May 18, 1895, the assignee filed his report as directed and ordered by the court, which report contains the following paragraph:

"'And the said assignee further reports that he has paid, pursuant to the order of this court, the Kauffman Milling Company the sum of $1,451.74, and that in his opinion there is still some money which is collectible, and which he will be able to get in hand within a short time, probably amounting to eight hundred and fifty dollars (also unsold lands), and respectfully asks this court for instructions as to which of the above claims he shall pay, and what proportion of said claims, all of which is respectfully submitted.

"'A. B. CAMPBELL,
"'Assignee of T. D. Gibbens.'

"At the time the sum of money herein sought to be recovered was paid, a receipt was given therefor as follows:

"'Jacksonville, Fla., Feb. 18, 1895.
"'$1,451.74.

"'Received of A. B. Campbell, assignee of T. D. Gibbens, the sum of one thousand four hundred fifty-one and 74-100 dollars, being the amount stated in the account submitted by said Campbell and filed on the fourteenth day of February, 1895, in the suit of Kauffman Milling Company against said Campbell and others in the circuit court for Duval county, in chancery, said sum being paid in pursuance of the order of court in said cause,

the sum stated being $1,454.49, from which $2.75 is deducted as unpaid by W. L. Lampking, without prejudice to any right in the premises.

"'A. W. COCKRELL & SON,

"'Attorneys for Kauffman Milling Company.'

"On July 25, 1895, the assignee was granted an appeal to the Supreme Court of Florida. On December 18, 1900, the case was argued and submitted in that court and on July 22, 1901, the Supreme Court handed down a decision reversing the decree below and ordered complainant's bill dismissed. The respondent's answer was a general denial and plea of limitation. At the close of the plaintiff's case the respondent requested and the court gave the following instructions:

"'2. The court declares as matter of law that money paid in satisfaction of a judgment cannot be recovered back by the payor thereof unless the same was paid under duress; that "duress" is meant where there has been a seizure of the person or property of such payor, or a fear through threat of those having the power to execute the threat, that one or both, would be seized unless payment thereof was made, and that there was no other reasonable alternative to prevent it save payment.'

"'3. The court declares that there is no evidence that at the time of payment mentioned in the pleadings and detailed in evidence, to-wit: February 18, 1895, there was a seizure of plaintiff's person or property, or a fear through threat of those having the power to execute the threat, that one or the other, or both, would be seized unless payment thereof was made, and that there was no other reasonable alternative to prevent its safe payment, and in the absence of such proof plaintiff cannot recover herein.'

"The defense of 'voluntary payment' was not pleaded nor was there any testimony offered to show that

respondent was equitably entitled to retain the amount herein sued for.  ·

"There is no controversy as to the facts.  The money sued for—$1,451.74—was paid to the respondent under the orders of the court and its receipt as fully appears in the abstract.  The instructions given declare the payment under those conditions was voluntary and without any proof as to whether or not respondent is equitably entitled to retain it, the appellant is not entitled to recover.  That is the sole question before the court for review."

1.  Objections were made by respondent to the admission of copies of the judgment and orders of the Florida courts, on the ground that they were not properly authenticated.  No ruling was made on these objections, and the case is here on abstracts only.  The certificates of authentication of the judgments and orders of the Florida courts are not set forth in full, and for this reason we are not informed as to whether or no the documents read in evidence were authenticated in accordance with the act of Congress and the Missouri Statutes.

2.  The flat, unqualified reversal, by the Supreme Court of Florida, of the judgment of the chancery court of Duval county, requiring Campbell, as assignee, to pay the $1,451.74 to respondent (herein) completely nullified the judgment and order, and its effect was to leave the case as though no judgment had ever been rendered or order made.  [Moore v. Damon, 4 Mo. App. 111; 3 Cyc. 460.]

3.  The order requiring the money to be paid was made on January 25, 1895.  No execution was awarded for the collection of the money, nor, indeed, could one have been issued, for the reason the administration of the assigned estate of Gibbens was under the jurisdiction of the Duval Chancery Court, and the fund ordered to be paid over was *in custodia legis*.  Campbell made

the payment on February 18, 1895, and on May Eighteenth following reported the payment to the Duval Chancery Court. The petition alleges the appeal to the Supreme Court was entered on July 24, 1895, so it appears the payment was made before the entry of the appeal and was voluntary; for the reason it was made voluntarily, the learned trial judge held that appellant could not recover back the money. The law in respect to the voluntary payment of a judgment, which is afterward reversed, is stated by BRACE, J., as follows, in Teasdale v. Stoller, 133 Mo. 1. c. 651-52, 34 S. W. 873:

"It is sometimes laid down as a general rule that money paid on a judgment that is afterward reversed may be recovered back in an action for money had and received. The great majority of the cases which are cited in support of this rule are cases in which payment of the judgment in whole or in part has been coerced by process thereon or otherwise.

"These cases are of course not in conflict with the well settled principle of law that one who *voluntarily* pays money with full knowledge of all the facts, and without any fraud having been practiced upon him, cannot recover it back because at the time of the payment he was ignorant of, or mistook, the law as to his legal liability.

"This doctrine has been frequently applied to payments on judgments that have been afterward reversed, and in some of the cases it has been held that if the payment was voluntary no recovery could be had—making the case turn upon the single fact of voluntary payment. Of this class of cases, the recent case of Gould v. McFall, 118 Pa. St. 455, is an example.

"There are other cases in which a right of recovery has been maintained although the judgment was voluntarily paid, of which class Scholey v. Halsey, 72 N. Y. 578, is an example.

"In this latter class of cases it will be found that

upon the facts the action was maintained upon the ground that although the payment was voluntary, yet the defendant having received the money of the plaintiff to which *ex aequo et bono* he was not entitled, the same was recoverable by writ of restitution or by action in assumpsit for money had and received.

"But it is believed that no well considered case can be found in which it has been held, where money has been voluntarily paid on account or in satisfaction of a judg- ment afterward reversed, and the party to whom it was paid in equity and good conscience was entitled to the same, that it could be recovered back. To so hold would be entirely repugnant to the very principle upon which the action is founded."

This case is expressly approved in Kostuba v. Miller, 137 Mo. l. c. 174, 38 S. W. 946. On these authorities, we think appellant made out a prima-facie case which could be overthrown by respondent showing that it, in natural justice and equity, ought not to be required to pay back the money. The judgment is reversed and the cause remanded. All concur.