BAIRD v. HAGEN et al.

(Supreme Court, Appellate Division, Fourth Department. March 8, 1911.)

1. CORPORATIONS (§ 120*)—SALE OF STOCK—OPTION TO SELL—NOTICE.

Where plaintiff agreed to purchase 60 shares of laundry stock from the defendants and enter their employment, the agreement providing that the defendants, upon 90 days' notice in writing, would purchase from the plaintiff "sixty shares of the laundry stock at $200 per share," a notice by plaintiff to each defendant requesting him to purchase 30 shares

———————————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

of the stock at the price named was not a compliance with the agree-
ment.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 495, 504;
Dec. Dig. § 120.*]

2. CORPORATIONS (§ 120*)—SALE OF STOCK—OPTIONS—NOTICE—WAIVER.
That each defendant held a promissory note of the plaintiff for $5,650,
and each obligation was secured· by a certificate of 30 shares of the laun-
dry stock, and they were not assigned or indorsed, and there was nothing
in the contract by which the defendants or either of them was to loan
money to the plaintiff, or that the certificates were to be delivered to
them, or either of them, to secure the indebtedness, such transaction was
entirely independent of the question of notice under the agreement, and
could not be construed as a waiver of it.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 495, 504;
Dec. Dig. § 120.*]

McLennan, P. J., and Williams, J., dissenting.

Appeal from Trial Term, Monroe County.

Action by Campbell A. Baird against Arthur T. Hagen and another.
Judgment for plaintiff, and defendants appeal. Reversed, and new
trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
KRUSE, and ROBSON, JJ.

Ernest C. Whitbeck, for appellants.
Edwin A. Nash, for respondent.

SPRING, J. On the 8th day of January, 1906, the defendants, as
parties of the first part, entered into an agreement in writing with the
plaintiff, whereby the latter agreed to purchase 60 shares of the cap-
ital stock of the Kelso Laundry Company and enter into the 'employ-
ment of said company. Said agreement contained the following
clause·:

"Now', if said stock is bought and said employment is entered into, it is
hereby agreed by the parties of the first part that upon ninety (90) days' no-
tice, given in writing, any time between January 1st, 1907, and January 1st,
1909, to purchase from said party of the second part (plaintiff) sixty (60)
shares of the Kelso Laundry Company, at two hundred ($200.00) dollars per
share."

In pursuance of this agreement the ·plaintiff purchased said 60
shares of the stock of said company and entered its employ, remaining
until December 31, 1908. On the day his employment terminated the
plaintiff gave to each of the defendants a written notice as follows:

"A. T. Hagen, President, D. M. Cooper, Vice President, J. D. F. Whitbeck,
Secy. & Treas. Star Palace Laundry, 55–59 North St., Rochester, N. Y. De-
cember 31, 1908.· I hereby request that you purchase the thirty shares of the ·
Kelso Laundry stock, which stands in my name, for the sum of Two Hundred
($200.00) Dollars a share, making the total amount Six Thousand ($6,000.00)
Dollars, as per agreement."

I think the notice served was not in compliance with the agreement.
Before the defendants could lawfully be charged with violating the
contract, they were entitled to the 90 days' notice in the manner pre-
scribed in the agreement. Service of this notice is a condition pre-
cedent to the maintenance of the action, and must be strictly complied

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

with. Oakley v. Morton, 11 N. Y. 25, 62 Am. Dec. 49; Pattridge et al. v. Gildermeister, \*40 N. Y. 98; Roberts v. Oydyke, 40 N. Y. 259, 264.

The plaintiff served upon Hagen a notice to purchase 30 shares of the stock of the company, and a like notice upon the defendant Cooper. They agreed together, jointly, to purchase 60 shares of the stock if notice was served upon them. There was no several agreement on their part to purchase 30 shares of stock, or any number of shares. The notice served was not a request to purchase 60 shares of stock. To be sure, it was served on each of the defendants. If there had been six men comprising the parties of the first part to the agreement and a notice or request in writing had been made upon each to purchase 10 shares of stock, the plaintiff would not be permitted to add the shares in the 6 notices in order to make up the 60 shares. Service of notice or demand upon each person to be effected by it might well be expected, although not strictly necessary. As these defendants by their agreement became jointly liable to purchase the stock in case the plaintiff performed the condition essential to fix their liability, service upon one would probably have been sufficient. Scholey v. Halsey, 72 N. Y. 578, 582; 29 Ency. of Law & Pro., p. 1119; Holbrook et al. v. Holbrook, 15 Me. 9. If one notice had been served upon either of the defendants requesting the purchase of 60 shares of stock, a far different question would be presented than the one we are now considering. The plaintiff was not authorized to separate the contract obligation of these defendants, and charge each with the responsibility of purchasing 30 shares of the stock. They made no such agreement. The judgment in this case is enforceable against either one for the full purchase price of the 60 shares, although no demand to purchase that number of shares was ever made upon either of the defendants.

If the contention of the respondent is correct, had one of the defendants in strict compliance with the terms of the notice served upon him purchased 30 shares of the stock of the plaintiff and his codefendant had refused to do so, the one purchasing would still be liable for damages arising from the omission to purchase the other 30 shares, although no notice had been served upon him to purchase 60 shares. It is claimed because of another transaction with each of these defendants that the rule adverted to is not applicable. It appears that each defendant held the promissory note of the plaintiff for $5,650, and each obligation was secured by a certificate of 30 shares of stock in said laundry company issued to the plaintiff. The certificates were not assigned or indorsed, although subject to a lien enforceable for the payment of the indebtedness mentioned. There was nothing in the contract by which the defendants, or either of them, was to loan money to the plaintiff, or that the certificates of stock were to be delivered to them, or either of them, to secure this indebtedness. That transaction was entirely independent of the one which is the foundation of this action. In any event, the holding of the certificates of stock as collateral did not dispense with the necessity of the notice prescribed in the agreement. The plaintiff appreciated the necessity of serving the notice in performance of his part of the agreement be-

fore its violation by the defendants could be charged. He served a notice in recognition of this obligation in order to require the defendants to purchase the stock. The difficulty is the notice was not the one the contract prescribed. There was nothing in the note transaction changing the plain provisions of the agreement, and no waiver can be spelled out of it. There was no severance of the liability of the defendants thereby. The rights of the parties were still to be determined by the contract itself.

As already noted, each defendant did have a lien on the certificate of stock which he held. In case the note was not paid he could have foreclosed his lien. That right, however, was in no way connected with the written contract upon which this action is based. Had he served the proper notice upon the defendants, and they had omitted to purchase the stock as they were bound to do by the agreement, if properly notified, the plaintiff would have adopted the same course that he did prior to the commencement of this action; that is, pay the notes and obtain the certificates of stock so that upon the enforcement of any judgment he might obtain the certificates would be delivered to the party entitled to the same. The judgment should be reversed.

Judgment reversed and a new trial granted, with costs to the appellants to abide event. All concur, except McLENNAN, P. J., and WILLIAMS, J., who dissent on ground that the notice served was sufficient.