WILLIAM P. BENSEL et al., Executors, etc., Appellants, *v.* HORATIO N. GRAY, Respondent.

The parties entered into a contract by which plaintiffs agreed to deliver, transfer and set over to defendant two tax leases, made by the corporation of the city of New York, "with all and singular the premises therein mentioned and described, and the buildings thereon, with the appurtenances," for and during the residue of the term of years specified in the leases, for a certain sum which defendant agreed to pay as specified, and to secure a portion by bond and mortgage. In an action for a specific performance of said contract, the court found that the leases, and the proceedings taken to authorize them, were irregular and defective. *Held*, that as the agreement was not merely to transfer the leases, but the lands and buildings for the terms of the leases, and the leases being invalid, so that plaintiffs could not transfer a good title, a specific performance on the part of defendant could not be decreed.

*Boyd* v. *Schlesinger*, (59 N. Y., 301), distinguished.

Also, *held*, that the question as to whether defendant entered into possession under the contract was not material; that if he did so enter it would not entitle plaintiffs to a specific performance if they had no title, nor would it preclude defendant from objecting to the title.

Subsequent to the agreement, defendant purchased and received a conveyance from the owner of the lands. *Held*, that this did not cure the defects in plaintiffs' title, as the title so acquired was independent of and hostile to the one plaintiffs undertook to convey.

(Argued March 3, 1880; decided April 6, 1880.)

APPEAL from judgment of the General Term of the Superior Court, of the city of New York, affirming a judgment in favor of defendant, entered upon a decision of the court at Special Term. (Reported below, 12 J. & S., 372.)

This action was brought to compel the specific performance of a contract. (For *mem.* of decision on former appeal, see 62 N. Y., 632.)

The court made the following findings : " That on or about the 1st day of April, 1871, the plaintiffs entered into an agreement with the defendant, whereby they agreed to transfer and set over to him the indentures of lease in said agreement referred to, and all and singular the said premises therein mentioned, and the buildings thereon, together with the appurtenances, for and during the term of said leases, and that the defendant thereupon agreed to pay, as the consideration for such transfer, the several sums specified in such agreement, at the time and in the manner therein particularly set forth. Said agreement is in the words and figures following : It consists of a printed blank filled up in ink. The portion in ink is in italics.

' Know all men by these presents, that for and in consideration of the sum of *five hundred dollars*, lawful money of the United States, to *us* duly paid by *Horatio N. Gray, we agree to sell*, and by these presents do *agree to* grant, convey, assign, transfer and set over unto the said *Horatio N. Gray, two* indentures of leases, bearing date the *second* day of *October*, in the year one thousand eight hundred and *forty-six, and November twenty-second, one thousand eight hundred and fifty-nine, made by the corporation of the city and county of New York, State of New York.*

' *The conditions of this assignment are : said H. N. Gray to pay seven thousand dollars, and to assume the assessment of opening Lexington avenue ; five hundred dollars to be paid on signing this agreement, fifteen hundred dollars on May first ensuing, and a bond and mortgage for five thousand dollars at three years from May 1st,* 1871, with all and singular the premises therein mentioned and described, and the buildings thereon, with the appurtenances. To have and to hold the same unto the said *Horatio N. Gray, his* assigns, from the *first* day of *May*, for and during all the rest, residue and remainder yet to come of and in the term

of years mentioned in the said indenture of lease*s*, subject, *nevertheless, to* the rents, covenants, conditions and provisions therein also mentioned.   And *we* do hereby covenant, grant, promise and agree to and with the said *H. N. Gray,* that the said assigned premises now are free and clear of and from all former and other gifts, grants, bargains, sales, leases, judgments, executions, back rents, taxes, assessments and incumbrances whatsoever.

' In witness whereof *we* have hereunto set *our* hands and seal*s* this *first* day of *April,* in the year one thousand eight hundred and seventy-*one.*

"<em>WM. P. SEELEY,</em>   [<em>L. S.</em>]<br>"<em>WM. P. BENSEL.</em>   [<em>L. S.</em>]

" Sealed and delivered }                     "*Executors.*
   in the presence of  }

         "*E. B. BENSEL.*                 [ *U. S. Rev. Stamp,* ]
                                          [   6, *canceled.*  ]

" That the said leases were irregular and defective ; and that the requirements of the statute of 1843 were not complied with ; and that the proceedings taken to authorize the making of said leases on the part of the mayor, aldermen and commonalty were defective or irregular " in various respects which were specified.

The court also found that defendant did not enter into possession under the contract, but refused so to do ; that he did take possession under license from the owner of the fee, and not otherwise, and that he afterwards acquired title by conveyance from said owner.

*John E. Parsons,* for appellants. The contract between the parties implied no covenant that the title of the plaintiffs to the lot was good for the demised term. (*Boyd* v. *Schlesinger,* 59 N. Y., 301; *Bensel* v. *Gray,* 62 id., 632.) The printed clauses of the contract are controlled by the written provisions, and the manifest intention. (*Leeds* v. *Mechanics' Ins. Co.,* 8 N. Y., 351; *Harper* v. *Albany Mutual Ins. Co.,* 17 id., 194; *Benedict* v. *Ocean Ins. Co.,* 31 id., 589; *Barhydt* v. *Ellis,*

45 id., 107.) Title to real estate must originate in actual possession. (*Smith* v. *Lorillard*, 10 J. R., 338.) Gray having put himself in possession under the contract was estopped from disputing the plaintiffs' title. (*Jackson* v. *Stewart*, 6 J. R., 34; *Jackson* v. *De Walts*, 7 id., 157; *Bank of Utica* v. *Mesereau*, 3 Barb. Chy., 528; *Jackson* v. *Hotchkiss*, 6 Cow., 401; *Jackson* v. *Walker*, 7 id., 637.) The deed from the Adriances merged the plaintiffs' title, under which Gray entered. (4 Kent's Com., 99–101; 3 Greenl. Cruise, 467; *Roberts* v. *Jackson*, 1 Wend., 478; *James* v. *Morey,* 2 Cow., 246, 248, 300; *Clift* v. *White*, 12 N. Y., 519.) A purchaser who has entered cannot defeat specific performance by reason of alleged defects which he has cured. (*Smedberg* v. *Moore*, 26 Wend., 238.) And so Gray's deed put it out of the power of the plaintiffs to obtain a title which would cure the alleged defects. (Chitty on Contracts, 636 ; *Fleming* v. *Gilbert*, 3 · J. R., 528, 534; *Betts* v. *Perine*, 14 Wend., 219; *Young* v. *Hunter*, 6 N. Y., 203.) As Gray took possession without waiting for an actual assignment of the leases, the plaintiffs had until the trial of their action to make their title complete. (*Brown* v. *Haff*, 5 Paige, 235; *Reformed Dutch Church* v. *Mott*, 7 id., 77; *Viele* v. *Troy and B. R. R. Co.*, 21 Barb., 381; S. C., 20 N. Y., 184; *Cleveland* v. *Burrill*, 25 Barb., 532.)

*Abram Wakeman*, for respondent. No covenants shall be implied in any conveyance of real estate, whether such conveyance contain special covenants or not. (2 R. S. [6th ed.], p. 1119, § 161; *Burwell* v. *Jackson*, 9 N. Y., 535, 541; *Tone* v. *Brase*, 11 Paige, 566; *Boyd* v. *Schlesinger*, 59 N. Y., 301.) The consideration having failed, the defendant should have his money back. (*Chapman* v. *City of Brooklyn*, 40 N. Y., 312; Fry on Specific Perf., 355.)

Rapallo, J. The trial court found as matter of fact that the agreement between the plaintiffs and defendant was, that the plaintiffs should transfer and set over to the defendant

the two indentures of lease described in the agreement and all and singular the premises therein mentioned and the buildings thereon, together with the appurtenances, for and during the term of said leases, in consideration whereof the defendant agreed to make the payments specified in the agreement. Also that the leases were irregular and defective and the proceedings taken to authorize the mayor, aldermen and commonalty to make them were defective in various respects specified in the findings.

A copy of the agreement is set out in the findings, and they also contain a conclusion of law that by the terms of the contract the plaintiffs were bound to grant, convey and assign to the defendant, not only said indentures of lease but with them an estate in land, viz. : in all and singular the premises therein mentioned and described and the buildings thereon, together with the appurtenances, to be held by the defendant and his assigns from the 1st day of May, 1871, for and during the residue of the term of years mentioned in said indentures.

The agreement in fact contains language which sustains the findings and conclusion of the trial court. It is contended that this resulted from the inadvertent use of an inappropriate, printed blank, and that the agreement to transfer the terms is contained in the printed part only, and should be disregarded, but there are no allegations in the complaint of any mistake in the agreement nor is any case made for a reformation of it. The making of it in the form in which it appears in the case is found as a fact, and the finding is not excepted to. The printed part of the agreement is not inconsistent with the written part, and we see no ground upon which we can disturb the finding and conclusion in respect to the agreement and its effect.

The agreement as found being, not merely to transfer the leases, but the land and buildings, for the terms of the leases, the case is distinguished from *Boyd* v. *Schlesinger* (59 N. Y., 301), and the general rule that specific performance of a contract for the conveyance of land or an estate therein will

not be decreed against the vendee unless the vendor can give a good title, is applicable.

It being found that the leases were invalid, and that consequently the plaintiffs could not transfer a good title for the term thereby granted, the plaintiffs could not maintain this action. The question whether the defendant did or did not enter in possession under the contract is not material. It might be material if the action were to recover possession of the property, but even if the fact were found in favor of the plaintiffs, it would not entitle them to specific performance, if they had no title; nor would it in an action for specific performance preclude the defendant from objecting to the title, though he might be bound to surrender the possession thus acquired. The fact however was found adversely to the plaintiffs and we do not find sufficient ground for holding the finding to be error.

The claim that the defendant has himself cured the defects in plaintiffs' title, by his purchase from Mrs. Adriance cannot be sustained. The title acquired from her was independent of and different from that which the plaintiffs undertook to convey, and in no manner aided that title, or cured any of the defects therein, but was hostile to it.

The case is a hard one for the plaintiffs, but we see no way in which relief can be given them in this action.

The judgment should be affirmed, but without costs.

All concur.

Judgment affirmed.