LUDWIG HERBST, Respondent, *v.* THE VACUUM OIL COMPANY, Appellant.

*Stipulation, as to reading testimony given in another action — application of, to a second trial.*

A stipulation in writing, signed by the attorneys for the respective parties to the action before the first trial thereof, that the testimony given in a certain other action "may be read by either party upon the trial of the above-entitled action," is binding and applicable to a second or any other trial of the action in which it is made, so long as the party objecting thereto is not relieved from its obligation by an order of the court, procured on an affirmative application for that purpose, notwithstanding a notice has been served by one of the parties after the first trial that he would not any longer be bound thereby.

APPEAL by the defendant, the Vacuum Oil Company, from a judgment of the Supreme Court, entered in the Monroe county clerk's office on the 6th day of July, 1892, and from an order denying its motion for a new trial, entered in said clerk's office on the same day.

*M. H. Briggs*, for the appellant.

*George Truesdale*, for the respondent.

MACOMBER, J.:

This action was one of many like actions brought against the defendant to recover damages for personal injuries, received through the explosion of naphtha in the city of Rochester on the 21st day of December, 1887. The case has been twice tried. On the first trial a verdict of $6,800 was rendered for the plaintiff, which was set aside by the trial judge on the ground of being excessive, and on an appeal from that order to this court the decision was affirmed.

On the second trial, now under review, the verdict was for the plaintiff in the sum of $4,000.

It is not needful to go into the facts of the case, because they do not differ in any material aspect from those so often considered by the courts in other cases arising from the same cause. The verdict clearly was not, in this instance, excessive, and the judgment should be affirmed unless certain errors complained of by the learned counsel for the appellant are of sufficient moment to lead to a different result. An exception was taken to the reading of evidence under a stipulation made by the parties in this case before the first trial, which was in the following words : " It is hereby stipulated that the evidence of any of the witnesses testifying on either side of the case of *Ann Lee, as Administrator, etc.,* v. *Vacuum Oil Company,* tried at the June Circuit, in the year 1888, may be read by either party upon the trial of the above-entitled action to the same effect as though said witnesses were present and examined orally. Either party to have the right to call any of said witnesses for further examination." This was signed by the attorneys for the parties respectively. The point was made at the second trial, and is now urged upon us, that it was not competent for the plaintiff to avail himself of this stipulation and to read the testimony given in the *Ann Lee* case upon the second trial. The objection was overruled by the trial court and such evidence offered was read, to which an exception was taken.

We find in this stipulation no limitation as to the trial at which it should be applicable. The language is " that such testimony may be read by either party upon the trial of the above-entitled action," etc. We have examined each of the several cases to which counsel has directed our attention as to the construction of stipulations and agreements, but we fail to find any case among them which is an authority for the contention now made. The claim by the defendant does not arise upon an application to the court, to the favor, to be relieved of the terms of the stipulation, and the question addressed to the Circuit and to us is solely one of the construction and meaning of the writing itself ; and we have no doubt but that the learned justice at the Circuit was clearly right in holding that the same was binding and applicable to any trial so long as the defendant was not relieved from its obligation by order

of the court procured in an affirmative application for that purpose, notwithstanding the notice served by the defendant after the first trial that it would not longer be bound thereby.

Another exception is made to the rejection of certain testimony of Dr. Rider sought to be adduced upon his cross-examination by counsel for the defendant. Dr. Rider had given evidence designed to show, that among other injuries was that to the eyes of the plaintiff caused by the flames of exploding gas. It was shown, however, that the plaintiff had been engaged at times, among other things, in pecking and drilling stone, and it was sought to bring out upon the cross-examination of this witness an opinion that the injury complained of might have been inflicted by pieces of stone or steel flying from a chisel in the hands of the plaintiff. The question was: "Assume that a speck of steel or stone flies and strikes the eye, may it produce such a condition?" Objected to. Objection sustained. "Q. I will ask you whether a piece of steel or stone striking the eyeball, or any other hard substance, will produce similar conditions to those that you saw?" Objection by plaintiff's counsel. Objection sustained. Defendant duly excepted.

But the witness did immediately answer that anything that produces an inflammation of the cornea might produce similar specks to those which he had discovered in the eyes of the plaintiff. But the counsel seems to have recurred to the same subject later on, and his persistency was rewarded by procuring from the doctor the opinion which he had sought. He said: "If we have a perfect eye, and then a burn and then a scar afterwards, with no other probable cause, no matter what our prejudice or theories are, logic is inevitable. We must assume that which preceded was the cause. If there are two causes which can be assumed in the case, one, the sharp point of an irritating substance, and another, a burn on the white of the eye, no matter how profound, and the condition observed was a minute point of a scar, I should say the scar was caused by the pointed instrument."

We think, on the whole, that these exceptions, which alone furnished the basis of the oral argument presented by the learned counsel, do not afford any ground for reversing the judgment.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and order appealed from affirmed.