EDMUND W. CONVERSE and Others, Appellants, *v.* DANIEL E. SICKLES, Sheriff of the City and County of New York, Respondent.

*Recovery of money paid upon a judgment — replevin against a sheriff — fraud and deceit.*

The general rule is, that money paid in satisfaction of a legal judgment cannot be recovered, though not justly due from the judgment debtor.

An exception to the rule is where the money is paid in satisfaction of an erroneous judgment, which is subsequently reversed or set aside. In such case the money paid may be recovered.

It is not necessary, in order to maintain an action to recover money so paid, that the payment should have been coerced by execution. It is sufficient if paid after judgment.

An action is not maintainable to charge a sheriff as trustee, and recover from him money paid to him in satisfaction of a legal judgment, not appealed from or set aside, recovered by him against the plaintiffs in an action of replevin brought against the sheriff for the possession of goods taken by him under an execution against a third party, and claimed by the plaintiffs to have been obtained from them by such third party by fraud and deceit.

APPEAL by the plaintiffs, Edmund W. Converse and others (comprising the firm of Converse, Stanton & Cullen), from a judgment of the Supreme Court in favor of the defendant, entered in the

office of the clerk of the city and county of New York on the 8th day of June, 1893, dismissing the complaint upon the merits upon a decision of the court rendered after a trial by the court at the New York Special Term.

*Frederick R. Kellogg*, for the appellants.

*A. Blumenstiel*, for the respondent.

PARKER, J.:

The defendant, as sheriff of the city and county of New York, about the 1st of May, 1890, took possession of the entire stock of goods then possessed by Fechheimer, Rau & Co. under executions issued against them.

Such goods included certain merchandise, which the plaintiffs contend were procured from them by Fechheimer, Rau & Co. through fraud and deceit. Thereafter these plaintiffs elected to rescind the sales by reason of the alleged frauds, and commenced two replevin suits to recover the goods from the defendant, under which they obtained possession of them, and afterward sold them.

Subsequently, the actions coming on for trial, plaintiffs' counsel stated in his opening that he would not be able to prove that plaintiffs had demanded possession of the goods from the sheriff before their commencement. The court held, following *Goodwin* v. *Wertheimer* (99 N. Y. 149), that, in the absence of such proof, plaintiffs could not recover, and in each action directed the jury to find a verdict in favor of the defendant for the return of the goods, or their value. In pursuance of such direction a judgment in each case was duly entered, execution thereon being stayed for a specified time.

At the expiration of the period for which a stay was granted, the plaintiffs, having reached the conclusion that an appeal could not be successfully prosecuted, paid to the sheriff the amounts of the two judgments, aggregating $5,312.99, at the same time serving upon the sheriff a written protest, in which they alleged that payment was made under duress of execution and judgment, and demanded an immediate return of the sum so paid in.

Their demand being refused, this suit was commenced to compel restitution, the grounds assigned as a basis for the recovery being

that the goods having been obtained from them by fraud and deceit, they were entitled to their return from Fechheimer, Rau & Co., or the sheriff, and, inasmuch as the goods had been disposed of, the plaintiffs assert the right to charge the sheriff as trustee of the money in his hands representing the goods.

The trial resulted, as we think, correctly in a dismissal of the complaint upon the merits. The general rule is, that money paid in satisfaction of a legal judgment cannot be recovered back, though not justly due from the defendant. (*Federal Ins. Co.* v. *Robinson*, 1 Norris [82 Penn. St.], 357–359; *Travelers' Ins. Co.* v. *Heath*, 95 Penn. St. 333–340; 6 Am. & Eng. Ency. of Law, 75, and cases cited.)

An exception to the rule is where the money is paid in satisfaction of an erroneous judgment, which is subsequently reversed or set aside. In such case the money paid may be recovered back. (*Scholey* v. *Halsey*, 72 N. Y. 578; *Peyser* v. *The Mayor*, 70 id. 497; *Travelers' Ins. Co.* v. *Heath*, *supra*.)

And it is not necessary in order to maintain the action that the payment should have been coerced by execution. It is sufficient if paid after judgment. (*Scott* v. *Swezy*, 29 Barb. 87; *Scholey* v. *Halsey*, *supra*; *Peyser* v. *The Mayor*, *supra*.)

The cases cited by the appellants are not in conflict with the rule asserted. Aside from those already referred to, they call attention to *Bank* v. *The Mayor* (43 N. Y. 188); *Phelps* v. *The Mayor* (112 id. 216), and *Vaughn* v. *Portchester* (48 N. Y. St. Repr. 436). In *Bank* v. *The Mayor* a municipal corporation collected a tax from the plaintiff, which was unlawfully assessed, and the assessment being subsequently annulled in proceedings taken for that purpose, it was held that the corporation was bound to refund the money which it had unlawfully collected.

In *Phelps* v. *The Mayor* the right to recover the money paid on a void assessment was denied, on the ground that the ordinance was on its face illegal and void, and payment without coercion of assessment was, therefore, a mistake of law, furnishing no basis for a recovery.

In *Vaughn's* case the assessment was invalid, and the trustees of the municipality having passed a resolution for an advertisement and sale of all property upon which the assessment had not been

collected, Vaughn offered to deposit sufficient money to abide the result of a test suit as to the validity of the assessment. His offer being denied he paid the amount under protest. Subsequently the assessment was adjudged illegal, and the court held that the payment was made under such coercion of law as would permit a recovery back of the moneys.

In the case under consideration the judgment was legally rendered. No effort was made to reverse it on appeal, nor was it attacked by a motion to set it aside.

The money paid was, therefore, in satisfaction of a valid judgment, and under the rule established by the cases to which we have referred, there can be no recovery by the plaintiffs of the sum so paid.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.