(17 Misc. Rep. 169)

CONVERSE et· al. v. SICKLES.

(Supreme Court, Special Term, New York County. May, 1896.)

RESCISSION OF SALE—FRAUD OF BUYER—STATEMENTS TO MERCANTILE AGENCY.
A merchant who gives to a mercantile agency a statement as to his financial condition thereby authorizes the agency to communicate such statement to its customers; and, if false, it is a fraud, for which a sale made to the merchant in reliance on information obtained from the agency may be rescinded by the seller.

Action by Edmund W. Converse and others against Daniel E. Sickles, as sheriff, to charge defendant, as trustee for plaintiffs, with the proceeds of certain merchandise. Judgment for plaintiffs.

Carter, Hughes & Kellogg, for plaintiffs.

Hays & Greenbaum, for defendant.

BEACH, J. This case has been once considered by the court of appeals, and plaintiffs' right to maintain the action was firmly established. Converse v. Sickles, 146 N. Y. 200, 40 N. E. 777. The opinion of the learned court leaves for disposition on the new trial ordered the question whether or not the sale and delivery of the merchandise by plaintiffs to Fecheimer, Rau & Co. between January 29 and May 1, 1890, was induced by fraudulent representations made by the purchasers to and relied upon by plaintiffs. The moneys now in the hands of defendant were paid in by plaintiffs as representing the merchandise taken by them in replevin, which suits failed from lack of demand for return before action brought. A second question was raised on the trial relating to the identity of the goods replevied with those sold and delivered. It appears that one Moore, a reporter connected with the mercantile agency of R. G. Dun & Co., in May, 1889, called at the factory of Fecheimer, Rau & Co. and inquired about their financial condition from a member of the firm. As a result of the interview, a statement, in writing, was received at the agency, purporting to show from their books an excess of assets over liabilities of $193,000 as of December, 1888. In August, 1889, the witness again called upon the firm for a similar purpose, and, on exhibition of the statement, was informed by a member thereof that since December, 1888, there had been no change in financial condi-

tion except by way of improvement.    This information was undoubtedly circulated among the subscribers to the agency.    The falsity of these statements appears from the testimony of witness Spencer, showing the firm to have been insolvent, according to their books, on November 30, 1888, and 1889.    The plaintiffs were subscribers to the mercantile agency, entitled to information therefrom.    It does not appear that they ever applied to or received from the agency direct any statement made by Fecheimer, Rau & Co.    Stanton, a member of plaintiff firm, who passed upon the credit given on this sale, testifies that before doing so he made inquiry among fellow merchants and was told that from the statement made to the mercantile agency the firm of Fecheimer, Rau & Co. had a net capital of about $200,000, which accords with the fact.    The witness also states his reliance upon this information, inducing him to accept the credit, and his firm to sell and deliver the merchandise.    The merchant who gives to a mercantile agency a statement of the financial condition of his business does so with knowledge that it may be communicated to subscribers, and that it is obtained for such purpose.    He thereby makes the agency what may be called a permissive agent for the imparting of the facts to whosoever may be rightfully entitled to the information.    It makes no difference, in principle, if the information be given a subscriber, who shall rely thereon, by communication other than from the agency direct.    The liability for false statement is not thereby restricted.    The plaintiff firm was a subscriber to the agency, entitled to knowledge of the facts contained in the statement, and, they having been given them correctly, through sources other than the agency itself, as furnished to the agency, their legal rights arising from falsity and fraud are in no wise changed or impaired.    Com. v. Call, 21 Pick. 523; Rice v. Manley, 66 N. Y. 82–87; Brackett v. Griswold, 112 N. Y. 454, 467, 471, 20 N. E. 562.    With regard to the identity of the merchandise sold and replevied, I still think the admissions of counsel made during the first trial are admissible and controlling, and, if so, the question is at rest.    In 1 Greenl. Ev. § 186, it is said:

"The admissions of attorneys of record bind their clients in all matters relating to the progress and trial of the cause.  But to this end they must be distinct and formal, or, such as are termed 'solemn admissions,' made for the express purpose of alleviating the stringency of some rule of practice, or of dispensing with the formal proof of some fact at the trial.  In such cases they are in general conclusive, and may be given in evidence, even upon a new trial."  Owen v. Cawley, 36 N. Y. 600.

If this conclusion be erroneous, there still remains the testimony of the witness Cook, which is ample for the purpose.

Decree for plaintiffs, with costs.