JOSEPHINE F. CLASON, Respondent, *v.* ELIZABETH S. BALDWIN, Appellant.

1. APPEAL — SUBMISSION TO JURY WAIVED BY REQUESTING DIRECTION OF VERDICT. An appellant's contention that certain elements of the case should have been submitted to the jury is unavailing when he failed to request their submission, but each party moved for the direction of a verdict in his favor.

2. PRESUMPTION ON APPEAL — AS TO PROOF OF MATERIAL FACT. It will be presumed on appeal from a judgment entered in ejectment upon

a verdict directed for plaintiff that the fact of the death of plaintiff's mother, who was born ninety-two years before, was expressly or tacitly admitted at the trial or was in some way established, if the fact was at all material, where there have been three trials of the case and as many appeals with no specific objection or suggestion on the part of the defendant that such a defect existed in the proof and where there is no certificate attached to the case that it contains all the evidence, especially when plaintiff's title to one-third of the estate is established independent of that fact.

3. TAX SALE — STRICT COMPLIANCE WITH STATUTE. A lease by the comptroller of the city of New York upon a sale for the payment of taxes is void unless every requisite of the statute having the semblance of benefit to the owner is substantially, if not strictly complied with.

4. MISDESCRIPTION OF PREMISES ON TAX SALE. A notice of sale and redemption is substantially defective when it describes the premises as situated upon the west side of a certain street instead of the east side according to the fact.

5. INDEFINITENESS OF NOTICE OF TAX SALE — FAILURE TO STATE TIME FOR REDEMPTION. A notice of redemption from a tax sale which is so indefinite that it is impossible to tell when the time to redeem expires, but names four dates for redemption from different sales of various lots made on different days, without indicating the last day for redemption of the parcel in question, is not sufficient to sustain the sale.

6. CERTIFICATE OF COMPTROLLER — WANT OF SEAL. A certificate of the comptroller that the requisite notice of a tax sale and redemption has been served is fatally defective if not under seal.

7. STIPULATION AS TO FACTS — USE IN SUBSEQUENT TRIALS. A written stipulation with respect to the facts in a case made by the parties or their attorneys for the purpose of evidence, if it is general and not expressly limited in respect of time or confined in terms to some particular purpose or occasion, stands in the case for all purposes until the litigation is ended unless the court upon application shall relieve either or both of the parties from its operation.

8. APPEAL — EXCESSIVE AWARD — QUESTION NOT RAISED AT THE TRIAL. An objection that the sum awarded for damages or *mesne* profits on direction of a verdict is in excess of that demanded in the complaint, if not made at the trial, cannot be raised on appeal; but the court will deem the complaint to be amended in order to cover the amount awarded when found upon proof substantially without conflict or contradiction.

*Clason* v. *Baldwin*, 68 Hun, 404, affirmed.

(Submitted February 12, 1897; decided March 2, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the first judicial department, entered April

22, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict.

. The nature of the action and the facts, so far as material, are stated in the opinion.

*Isaac N. Miller* for appellant. The plaintiff failed to prove a right to the possession of the property. (1 R. S. 859, § 6; *Roberts* v. *Baumgarten*, 110 N. Y. 381; *Wallace* v. *Swinton*, 64 N. Y. 188; Sedg. & Wait on Titles, § 791; Adams on Ejectment, 325; *Richards* v. *Richards*, 15 East. Rep. 294; Tyler on Ejectment, 485; *Kelso* v. *Steiger*, 24 Atl. Rep. 24.) The tax title was a complete defense to the action. (L. 1871, ch. 381; *Donahue* v. *O'Conor*, 13 J. & S. 278; *Ostrander* v. *Darling*, 127 N. Y. 70; *Colman* v. *Shattuck*, 62 N. Y. 348.) Plaintiff failed to prove title. (Sedg. & Wait on Titles, § 792; Tyler on Ejectment, 483; *Miller* v. *Downing*, 54 N. Y. 631; *Dunham* v. *Townshend*, 118 N. Y. 281; *Miller* v. *L. I. R. R. Co.*, 71 N. Y. 383; *Gardner* v. *Heart*, 1 N. Y. 528; *Leavitt* v. *Dodge*, 16 N. Y. Supp. 309; *Kavanagh* v *Wilson*, 70 N. Y. 177; *Honegger* v. *Wettstein*, 94 N. Y. 252.) The court erred in directing a verdict for $5,337 damages for *mesne* profits for six years before the commencement of the action. (2 Whittaker's Prac. 392.)

*George W. Stephens* for respondent. The plaintiff fully established her ownership of the premises. (37 N. Y. S. R. 213.) Appellant failed to establish a valid tax title. (Blackwell on Tax Sales, § 336; L. 1881, ch. 381, § 3; L. 1882, ch. 410, §§ 843, 926, 941; *Lockwood* v. *Gehlert*, 127 N. Y. 241; *In re Willis*, 30 Hun, 13; L. 1874, ch. 381, § 4; *Willis* v. *Gehlert*, 34 Hun, 566; *Donahue* v. *O'Conor*, 13 J. & S. 279; *Bensel* v. *Gray*, 12 J. & S. 372; 80 N. Y. 517.) The stipulations were properly received in evidence. (*Owen* v. *Cawley*, 36 N. Y. 600; *Cook* v. *Barr*, 44 N. Y. 156; *Langley* v. *Earl of Exford*, 1 M. & W. 508; *Vandervoort* v. *Smith*, 2 Caines, 155, 164; *Olcott* v. *Chandler*, Daily Reg., Oct. 13, 1883.)

O'BRIEN, J.　This action, brought to recover a parcel of real property situated at No. 42 Sheriff street in the city of New York, has been twice tried, and as often reviewed at the General Term, and once in this court. (*Clason* v. *Baldwin*, 129 N. Y. 183.)　The present judgment awarded the possession to the plaintiff, with damages or *mesne* profits in the sum of $5,337.

At the trial, upon the close of all the proofs, counsel for each party moved that a verdict be directed in his favor. The court refused to direct a verdict for the defendant, and directed a verdict for the plaintiff, to which direction and refusal the defendant excepted.　By these requests both parties waived their right to have any questions of fact submitted to the jury, and virtually submitted to the judgment of the court all questions of fact and law.　Had the defendant requested to have the case submitted to the jury, even after the motions for a direction, she would have been entitled to have the jury pass upon certain material facts in the case that rested entirely upon the interested testimony of the plaintff herself, and were not clearly established.　The material facts, so far as they depended upon evidence not conclusive or upon inferences to be drawn from circumstances, must now be deemed to have been found in favor of the plaintiff by the court.　This point is a sufficient answer to all that is said upon the brief of the learned counsel for the defendant in which he contends that certain elements of the case should have been submitted to the jury.

The exception to the direction of a verdict for the plaintiff, and the refusal to direct one for the defendant, raise the question whether, upon the facts now disclosed by the record, it was the plaintiff or the defendant that was seized of the premises at the time of the commencement of the action. The premises are a part of a large tract of land formerly owned and possessed by James Delancy, who was attainted of treason in the year 1779 (Laws 1779, ch. 25) and his property declared forfeited to the state.　By a subsequent statute provision was made for the sale of all such forfeited land by

commissioners. (Laws 1784, ch. 64.) On the 24th of January, 1786, the commissioners sold the land so forfeited by Delancy to John Quackenbos. This method of divesting the title of the owner of lands and transferring it to another does not conform to our present notions with respect to property rights.

There was no judgment of conviction and no judicial proceeding of any kind so far as appears. The title was changed, if at all, by an act of the legislature. The constitutional and legal safeguards for the protection of private property in our day did not exist then. There was no question made at the trial in regard to the validity of these proceedings and no question is made here. They were so remote in point of time that all questions growing out of them have ceased to be of any practical importance, and we will assume, for the purposes of this case, that the sale was operative to pass the legal title.

From Quackenbos the title passed through various *mesne* conveyances to William Jones Clason, who died on the 6th of August, 1824, leaving a will which was admitted to probate. By this will he devised the property in question to his three children, of whom the plaintiff was one, subject to an annuity to his widow. The two other children, brothers of the plaintiff, died, one in 1825 and the other in 1860, without issue and intestate. It is supposed that the plaintiff then came into possession of the entire estate as survivor, under the terms of the will, or under the Statute of Descents, from her deceased brothers. It is contended, however, by the learned counsel for the defendant, that the shares of the brothers would pass, under the statute, upon their death, not to the plaintiff, but to her mother, if then alive, for life, and so the plaintiff would not become entitled to the possession of the estate until her mother's death, and that since there was no proof of her death prior to the commencement of the action, the plaintiff has not proved title. The learned counsel for the plaintiff seems to admit the force of this point and that there is a defect in this respect in the proof which, he says,

was a mere inadvertence, and as no specific point was raised in regard to it at the trial, it should be deemed waived. He further states, upon his brief, that, in fact, the mother died many years ago, and, in view of the fact that it was shown that she was born ninety-two years before the trial, this is quite probable.

We think that there are several answers to the contention of the defendant's counsel. The plaintiff certainly took one-third of the estate in her own right under her father's will, and she could maintain the action to recover that if no more. At most, the omission to prove the death of the mother was a defect in proof which could have been supplied if attention had been called to it at the trial, but the defense made no question and raised no point, whatever, in regard to it. On the former appeal we affirmed the title of the plaintiff to the property on substantially the same proof as to her chain of title. After three trials of the case, and as many appeals, with no specific objection on the part of the defendant to raise the question, or suggest to the court in any way that such a defect existed in the proof, and since there is no certificate attached to the case that it contains all the evidence, this court should now presume that the fact of the mother's death was expressly or tacitly admitted at the trial, or that it was in some way established, if the fact was at all material.

The plaintiff gave some proof that, within twenty years prior to the commencement of the action, she was in possession of the premises, and exercised acts of ownership by the collection of rents from tenants or occupants, and it appeared that at least one of her predecessors in title, to wit, Delancy, was in possession before the attainder. So we think that the plaintiff proved, *prima facie*, her title to the premises in controversy.

The defendant's title or claim of title rested upon a lease by the comptroller of the city of New York, upon a sale for the payment of taxes assessed in the years 1869 and 1870. The lease bears date March 13, 1876, and the sale took place March 12, 1874. The lessee who bid at the sale assigned to the

defendant. The trial court held that this lease was void, and we think, correctly.

(1) The notice of sale and redemption described the premises as situated on the *west* side of Sheriff street instead of the *east* side, according to the fact. The statute requires " a particular and detailed statement of the property to be sold." (Cons. Act [L. 1882, ch. 410], § 926.)

(2) The notice of redemption was so indefinite that it was impossible to tell when the time to redeem expired. The notice was evidently framed with reference to various sales made of various lots on four different days in March, and it indicated four different dates on which redemption might be made, but did not indicate the last day for the redemption of the parcel in question. ( *Willis* v. *Gehlert*, 34 Hun, 566 ; *Donahue* v. *O'Conor*, 13 J. & S. 278 ; *Bensel* v. *Gray*, 12 id. 372 ; affd., 80 N. Y. 517.)

(3) The certificate of the comptroller that the requisite notice had been served was not under seal, and this has been held to be a fatal defect. (*Lockwood* v. *Gehlert*, 127 N. Y. 241.)

(4) The sale was made for sixty-three cents more than the amount of the tax, and the notice to redeem required the owner to pay this excess in order to redeem. Without expressing any opinion whether such an error, standing alone, would ·invalidate the sale and the lease we think that the other defects are substantial.

The proceedings were purely statutory, and the title of the owner could not be divested without a strict compliance with all the provisions of the statute. In such cases every requisite of the statute, having the semblance of benefit to the owner, must be substantially, if not strictly, complied with. (*Sharp* v. *Spier*, 4 Hill, 76 ; *Sharp* v. *Johnson*, 4 Hill, 92 ; *May* v. *Traphagen*, 139 N. Y. 478 ; *Sanders* v. *Downs*, 141 N. Y. 422.)

Much of the evidence on the part of the plaintiff was given through written stipulations as to the facts, signed by the respective attorneys. On the present trial they were received

under the defendant's objection and exception. The objection
was that they were entered into for the purpose of a former
trial and that the situation had since changed. The trial court
held that they were binding on both parties until the court,
upon some equitable ground, relieved them from their opera-
tion. The ruling was correct. When parties or their attor-
neys enter into a written stipulation with respect to the facts
in a case for the purpose of evidence, and it is not expressly
limited in respect of time or confined in terms to some par-
ticular purpose or occasion, but is general, it stands in the case
for all purposes until the litigation is ended, unless the court,
upon application, should relieve either or both parties from its
operation. (*Hine* v. *N. Y. El. R. R. Co.*, 149 N. Y. 154.)

The defendant's counsel complains that the sum awarded
for damages or *mesne* profits is in excess of that demanded
in the complaint by $337., but no point of this kind was made
at the trial. If attention had then been called to what is 'now
claimed to be error, the verdict would not have been directed
for more than the demand of the complaint, or the plaintiff
might have been permitted to amend or to remit the excess
before the verdict was recorded. It is now too late to raise the
question, and this court will deem the complaint to be amended
in order to cover the amount awarded, and which was found,
upon proof, substantially without conflict or contradiction.

An examination of the other questions in the case discloses
no legal error that would warrant us in interfering with the
judgment, and it should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.