JOHN COWENHOVEN, Respondent, *v.* ANNIE PFLUGER, Appellant, Impleaded with Others.

*Effect of a request for the direction of a verdict — sale at a discount of a note valid in its inception.*

When on a trial at the close of the evidence each party moves that a verdict be directed in his favor, all disputed questions of fact are thereby submitted to the court for determination, and they must be considered as resolved in favor of the party for whom the verdict is directed.

*Semble,* that a note which is valid in its inception may be sold subsequently at any rate of discount, without rendering the transaction usurious.

APPEAL by the defendant, Annie Pfluger, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 26th day of February, 1897, upon the verdict of a jury rendered by direction of the court,

COWENHOVEN *v.* PFLUGER. 465

and also from an order entered in said clerk's office on the 26th day of February, 1897, denying the defendant's motion for a new trial made upon the minutes.

*George V. Brower*, for the appellant.

*James C. Church*, for the respondent.

Cullen, J.:

The action was to recover the amount of a promissory note. The defense was usury. At the close of the evidence each party moved that a verdict be directed on his behalf, and no request was made that any question of fact should be submitted to the jury. It is settled law that in such a case all disputed questions of fact are submitted to the court for determination, and they must be considered as resolved in favor of the party for whom the verdict is directed. (*Clason* v. *Baldwin*, 152 N. Y. 204.)

Even in the view of the case most favorable to the appellant, to render the note usurious it was necessary to show that the sum exacted by the attorney, as payment for his services, was a bonus, and was so exacted with the knowledge or authority of the plaintiff. (*Condit* v. *Baldwin*, 21 N. Y. 219.) The plaintiff denied any knowledge of his agent's act, and it may well be doubted whether there was sufficient evidence to warrant the submission of the question to the jury. But if it be assumed that there were facts from which the jury might have inferred plaintiff's knowledge, despite of his denial, then that question of fact was, by the practice of the parties upon the trial, left to the court for determination, and the determination was adverse to the appellant.

The fact that the note in suit had no inception prior to its discount by the plaintiff does not distinguish this case from that of *Condit* v. *Baldwin*. There the loan was obtained from the payee of the note. Of course, if the note had a valid inception it would be property and might be sold at any rate of discount without rendering the transaction usurious.

The judgment and order appealed from should be affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.