### COWENHOVEN v. PFLUGER et al.

(Supreme Court, Appellate Division, Second Department.   November 30, 1897.)

1. WAIVER OF JURY—DIRECTING VERDICT.
    Where at the close of the evidence each party moves for the direction of a verdict, and no request is made to go to the jury, all disputed questions of fact are thereby submitted to the court, and must be considered as resolved in favor of the party for whom the verdict is directed.

2. USURY—COMPENSATION OF ATTORNEY.
    Where a defense of usury is based on payments exacted by the lender's attorney as compensation for his services, it is necessary for defendant to show that such payments constituted in fact a bonus, and were so exacted with the lender's knowledge or authority.

Appeal from trial term.

Action by John Cowenhoven against Annie Pfluger and others. From a judgment and an order denying a motion for a new trial, defendants appeal.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

George V. Brower, for appellants.

James C. Church, for respondent.

CULLEN, J.   The action was to recover the amount of a promissory note.   The defense was usury.   At the close of the evidence each party moved that a verdict be directed in his behalf, and no request was made that any question of fact should be submitted to the jury.   It is settled law that in such a case all disputed questions of fact are submitted to the court for determination, and they must be considered as resolved in favor of the party for whom the verdict is directed.   Clason v. Baldwin, 152 N. Y. 204, 46 N. E. 322.   Even in the view of the case most favorable to the appellants, to render the note usurious it was necessary to show that the sum exacted by the attorney as payment for his services was a bonus, and was so exacted with the knowledge or authority of the plaintiff.   Condit v. Baldwin, 21 N. Y. 219.   The plaintiff denied any knowledge of his agent's act, and it may well be doubted whether there was sufficient evidence to warrant the submission of the question to the jury.   But if it be assumed that there were facts from which the jury might have inferred plaintiff's knowledge, despite of his denial, then that question of fact was, by the practice of the parties upon the trial, left to the court for determination, and that determination was adverse to the appellants.   The fact that the note in suit had no inception prior to its discount by the plaintiff does not distinguish this case from that of Condit v. Baldwin.   There the loan was obtained from the payee of the note.   Of course, if the note had a valid inception it would be property, and might be sold at any rate of discount without rendering the transaction usurious.

The judgment and order appealed from should be affirmed, with costs.   All concur.