TINDLE et al. v. BIRKETT.

(Supreme Court, Appellate Division, Fourth Department.  January 8, 1901.)

FRAUD—SALES — MISREPRESENTATIONS TO COMMERCIAL AGENCY — ACTION BY VENDOR.

Defendant, who made false statements as to the financial condition of the firm of which he was a member, to a commercial agency which gave the firm a rating, is not liable, as the surviving partner, for fraud, in an action by plaintiffs, who had sold goods to the firm, relying on the rating given them by the agency, where the rating was based on information derived from other sources as well as on the false statements; it not appearing that plaintiffs saw, or knew of and relied on, the false statements in selling the goods to the firm.

Appeal from trial term, Erie county.

Action by Thomas Tindle and another against Clarence T. Birkett. From a judgment in favor of defendant, plaintiffs appeal.  Affirmed.

This action was originally brought against the defendant and one Calvin P. Russell, who constituted the firm of Russell & Birkett, to recover for fraud and deceit in the purchase by that firm of certain goods and merchandise of the plaintiffs upon three separate occasions.  During the pendency of the action the defendant Russell died, and the action was continued against the defendant Birkett as his survivor.  The firm of Russell & Birkett were for many years engaged in business as millers and produce dealers at the village of Penn Yan, Yates county, and the goods in question were purchased of the plaintiffs on the 30th day of November, 1898, the 24th day of January, and the 25th day of March, 1899, respectively; the value thereof amounting in the aggregate to $901.86.  On the 15th day of April, following the last purchase, the members of the firm were adjudged bankrupts, upon their own petition, in proceedings duly instituted for that purpose in the United States district court for the Northern district of New York.  Prior to such adjudication, and on the 16th day of September, 1897, the defendant Birkett, for the purpose of securing a rating by the mercantile agency of R. G. Dun & Co., made and delivered a statement of the financial condition of his firm which showed a net worth of $152,858.22.  Thereafter, and on the 2d day of November, 1898, in a reply to a request from the agency for further information, Birkett wrote a letter in which he practically reiterated his former statement, and added that the business of the firm was "large, increasing, and profitable."  Still later, and on the 9th day of March, 1899, a representative of the agency called upon Birkett personally, and then received from him a verbal statement to the effect that there had been no material change in the financial condition of the firm.  Upon these various statements, as well as upon the information derived from other sources, Dun & Co. gave the firm a rating of from $125,000 to $200,000, which was never changed; and the plaintiffs gave evidence which tended to prove that the goods in question were sold in reliance upon the rating thus given, although it is not claimed that they ever saw either of the statements upon which it was based.  In his statement to the Dun Agency the defendant specified as part of the firm assets certain real estate of the estimated value of $105,500, which he asserted was subject to a mortgage of $27,000; but he omitted all reference to an existing, unrecorded mortgage of $95,000 to secure a contingent liability for that amount, and to certain indebtednesses of the firm to the wife, son, daughter, and daughter-in-law of his partner, Russell, which amounted in the aggregate to upwards of $45,000.  The defendant's business, instead of being profitable, as represented to the Dun Agency, was unprofitable, to his knowledge, and had been for three or four years prior to the time such representation was made; and, as a matter of fact, Birkett was aware that financial ruin was staring him in the face, although he was hoping to obtain an extension of time from his creditors, which would postpone and possibly avoid such a catastrophe.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-
LIAMS, and LAUGHLIN, JJ.

Frank Gibbons, for appellants.
Thomas Carmody, for respondent.

ADAMS, P. J.   That the statements upon which the rating of the
defendant's firm was based by the mercantile agency of R. G. Dun
& Co. were grossly false, and that the plaintiffs relied upon such
rating in giving the firm credit for the goods purchased upon the
several occasions mentioned, are facts concerning which there is
and can be no serious dispute; and had such statements been made
directly to the plaintiffs, under circumstances which would fairly
warrant the assumption that they were so made by way of inducing
credit, there would, of course, be no question as to the right of the
plaintiffs to maintain an action of this character; but whether such
an action can be founded upon statements, however false, which
were made to a third party, and which, confessedly, none of the
plaintiffs ever saw, presents a much more serious question.   It is a
fact so well understood that courts may well take judicial notice
of its existence, that mercantile agencies are conducted for the ex-
press purpose of furnishing information to their subscribers and
patrons of the financial standing of persons throughout the country
who are engaged in any sort of business which involves individual
credit; and it has long been the settled rule of law in this state that,
where a party makes a statement of his financial condition to one
of these agencies, it may be assumed that he made it for the pur-
pose of having the same transmitted by the agency to its subscribers,
and that to any person who, after inspecting such statement, be-
comes a creditor of the party making the same, and in reliance
thereon, it has precisely the same force and effect as though it had
been made by the debtor to the creditor in person.   Eaton v. Avery,
83 N. Y. 31; Converse v. Sickles, 16 App. Div. 49, 44 N. Y. Supp.
1080; Humphrey v. Smith, 7 App. Div. 442, 39 N. Y. Supp. 1055.
In the case last cited, which was decided by this department, the
rule was thus stated:

"If a dealer makes false and fraudulent representations in respect to his
property to a mercantile agency for the purpose of establishing his credit,
and those statements become known to, and are relied on by, persons extend-
ing credit, the representations have the same effect as though made directly
by the dealer to the person of whom a purchase is made."

Although the precise question we are now called upon to deter-
mine was not raised in that case, the language above quoted indi-
cates quite clearly that this court regarded actual knowledge by the
creditor of the false statements made by his debtor as an essential
element of the rule enunciated, and a moment's reflection will make
plain the reason therefor.   Mercantile agencies do not always base
their rating of a person's responsibility solely upon information ob-
tained from the individual himself.   Upon the contrary, it is well
understood that they obtain such information from various sources;
and this is especially true in cases where, as it often happens, a
business man, for reasons best known to himself, declines to fur-

nish the public with any statement of his financial condition. It follows, therefore, that, if the rule contended for by the plaintiffs were to obtain, a trader who had made a report to a mercantile agency as to his pecuniary standing might be held liable to arrest and imprisonment for a rating which, although based in part thereon. was nevertheless due in a much larger measure to information obtained from a business rival, a personal enemy, or some other equally unreliable source. Victor v. Henlein, 33 Hun, 549. In an elaborate and exhaustive opinion in a proceeding in bankruptcy, to which this defendant was a party, and in which this precise question was most ably and carefully considered, it was said by the learned referee (Hon. Charles A. Hawley) that he had taken pains to examine every case bearing upon this question which had been brought to his notice, and that he found but one which sustains the proposition here contended for by the plaintiffs, and that arose in the state of Texas (Aultman v. Carr [Tex. Civ. App.] 42 S. W. 614), and was a case in which the determination of the question was not necessary to its decision. In re Russell, 41 C. C. A. 323, 101 Fed. 248. We are not prepared to say that, when a mercantile agency establishes the rating of a person's credit solely upon a false and fictitious statement in writing furnished by the individual himself, a vendor of goods who parted with his property in reliance thereon, and with knowledge that the same was based upon a statement thus obtained, would not have a cause of action against his vendee for fraud and deceit, even though he may not have actually seen the latter's statement; but in view of the fact that it is the well-known practice of such agencies to base their ratings upon information obtained from third persons, as well as from the person rated, we do say that a vendor cannot maintain such an action, even though so much of the information as may have been furnished to the agency by the vendee himself is absolutely false, unless such statement was in some manner communicated to the vendor and relied upon by him when he parted with his property; and, inasmuch as it does not appear that the plaintiffs have brought themselves within the rule thus stated, we think that the decision of the trial court should be sustained.

Judgment affirmed, with costs. All concur.