In the Matter of AARON MARKS, Appellant, v. H. BOGART SEAMAN, as Treasurer of Nassau County, et al., Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act to direct the County Treasurer of Nassau County to accept payment of a school tax on certain real property in the City of Long Beach; to direct him to satisfy the tax lien therefor; and to direct him and the County Clerk to cancel a deed to said property theretofore issued and delivered by said Treasurer to George D. Pierce, the purchaser of the said tax lien, in which proceeding said Pierce made a cross motion to dismiss the petition for insufficiency, the petitioner appeals, as limited by his brief: (1) from an order of the Supreme Court, Nassau County, dated April 28, 1960, which granted said cross motion and dismissed the proceeding; and (2) from so much of an order dated January 31, 1961, made after a hearing, as, upon the granting of petitioner's motion for renewal and reargument, adhered to the original decision. Appeal from order of April 28, 1960, dismissed, without costs. Said order was superseded by the later order of January 31, 1961 granting reargument. Order of January 31, 1961 modified on the law and the facts as follows: (1) by striking out so much of the first decretal paragraph as directs that the original decision of the court be adhered to; and by substituting therefor a paragraph granting the petition, denying the cross motion of respondent Pierce, and canceling the deed, dated December 15, 1958, issued by the Treasurer of Nassau County to respondent Pierce; and (2) by striking out the fourth decretal paragraph purporting to award costs to respondent Pierce. The proceeding is remitted to the Special Term for the making of a further order, to be settled on five days' notice, containing specific and appropriate provisions, terms and conditions, including the fixing of the total amount required to be paid by petitioner on account of the tax lien. As so modified, order of January 31, 1961, insofar as appealed from, affirmed, with costs to petitioner payable by respondent Pierce. Findings of fact which may be inconsistent herewith are reversed; and new findings are made as indicated herein. In our opinion, the statute (Nassau County Administrative Code, § 5–51.0) requires that one copy of a notice for redemption be sent to the owner of the property by registered mail; that another copy thereof be delivered to the County Treasurer; and that there must be set forth in the notice a date which would be the last day for redemption of the property. The copy of the notice here delivered to the County Treasurer did not contain such redemption date. "The Legislature * * * has described the specific procedure which must be employed" and the court "cannot dispense with that which the Legislature has deemed necessary" (*Werking* v. *Amity Estates*, 2 N Y 2d 43, 49–50, reargument denied 2 N Y 2d 756, appeal dismissed and certiorari denied 353 U. S. 933, rehearing denied 353 U. S. 989). The omission of a proper redemption date in the notice for redemption is a substantial and jurisdictional defect, which would require the voiding of a conveyance of the property on the basis thereof (*Clason* v. *Baldwin*, 152 N. Y. 204; 51 Am. Jur., Taxation, § 1119, p. 966; 82 A. L. R. 502–503). In our opinion, not only the requirement of service of a proper notice on the owner, but also the requirement of delivery of such a notice to the Treasurer (which notice, in compliance with the statutory provisions, should set forth a proper redemption date), were intended for the benefit of a taxpayer-owner of property who might otherwise be divested of his title by a tax sale and the resultant conveyance to the purchaser of the tax lien. We conclude, therefore, in the instant case that the absence of a proper redemption date in the copy of the notice delivered to the Treasurer was a substantial and jurisdictional defect, and that the deed to the respondent Pierce based thereon is void. Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.