Chief Judge Breitel
(dissenting). I agree that the statute authorizes sale of a portion of a lot to satisfy tax claims (see, e.g., Godfrey, Enforcement of Delinquent Property Taxes in New York, 24 Albany L. Rev. 271, 282, n. 31); the sufficiency of the tax deeds is another matter. Sales of real property to satisfy tax claims against the owner are constitutional under the due process clause if conducted under valid proceedings (Cromwell *272 v. MacLean, 123 N. Y. 474, 494-495). Indispensable to the proceedings is a valid deed by the county treasurer to the tax sale purchaser (Beal Property Tax Law, § 1018). The tax deeds in suit did not describe an enclosed parcel. The defect may not be cured by the simple expedient of drawing a straight line from one dangling boundary line to another, where the specified boundaries are irregular. Authorities, cited by respondent, which involve rectilinear parcels, typical of city blocks, are not applicable.
Statutes which authorize the forfeiture of property to satisfy revenue claims are strictly construed (see, e.g., Sharp v. Speir, 4 Hill 76, 84; Clason v. Baldwin, 152 N. Y. 204). Strict construction of tax deeds is not an unjust doctrine to apply to sophisticated purchasers of tax liens. A contrary practice, for practical reasons, applies to the treatment of less than complete descriptions of property contained in tax assessment rolls (see Goff v. Shultis, 26 N Y 2d 240). Moreover, liberal construction of the tax deeds in suit would deprive a long-time owner of valuable family property, up until relatively recently occupied for many years, because of inadvertent or necessitous failure to pay taxes.
Accordingly, I dissent and vote to reverse the order of the Appellate Division and reinstate the judgment rendered at Trial Term.
Judges Jones, Babin and Stevens concur with Judge "Wither;* Chief Judge Breitel dissents and votes to reverse in a separate opinion in which Judges Gabrielli and Waohtler concur.
Order affirmed, without costs.

 Designated pursuant to section 2 of article VI of the State Constitution.